IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTELSAT USA SALES CORPORATION, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 07-1443 (RMC) |
| ) | |
| WEST COAST FACILITIES INC., ) | JURY TRIAL REQUESTED |
| ) | |
| Defendant ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant West Coast Facilities Inc. ("Defendant" or "West Coast"), by and through its attorneys, herein responds to the Complaint filed by Plaintiff Intelsat USA Sales Corporation ("Plaintiff" or "Intelsat").

Any allegation not expressly admitted is denied. West Coast states as follows:

1. Plaintiff Intelsat USA Corporation ("Intelsat USA") is a Delaware corporation with its principal place of business in the District of Columbia.

**ANSWER NO. 1:** West Coast is without knowledge of the truth or falsity of the allegations in paragraph 1, and they are therefore denied.

2. Defendant Penthouse is a California corporation with its principal place of business in the State of Florida.

**ANSWER NO. 2:** West Coast admits that it is a California corporation, but avers that it no longer does business in any state.

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

**ANSWER NO. 3:** West Coast admits that this Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. West Coast denies the remaining allegations of paragraph 3.

4. Jurisdiction and venue in this Court is proper, as defendant has breached its contract with plaintiff in the District of Columbia, and defendant has also irrevocably consented to the jurisdiction of this court. Exhibit 1, ¶ 13.

**ANSWER NO. 4:** West Coast admits that jurisdiction and venue in this Court are proper. West Coast denies the remaining allegations of paragraph 4.

5. On December 28, 2005, Intelsat USA and Penthouse entered into a Nonexclusive Service Agreement ("NSA"). A copy of the NSA is attached hereto as Exhibit 1. Under the terms of the NSA, Intelsat USA agreed to provide Penthouse with certain telecommunications services commencing October 21, 2007 and ending August 1, 2018. Penthouse agreed to pay Intelsat USA's charges and fees for such services as described in the Service Contracts made part of the NSA, and agreed to pay all invoices issued by Intelsat USA for such services.

**ANSWER NO. 5:** West Coast admits that it entered into an agreement with Intelsat USA on or around December 28, 2005, but avers that the agreement speaks for itself. West Coast denies the remaining allegations of paragraph 5.

6. On April 13, 2007, Penthouse wrongfully and without cause repudiated the Agreement.

**ANSWER NO. 6:** West Coast admits that it sent a letter to Plaintiff on or around April 13, 2007, but avers that the letter speaks for itself. West Coast denies the remaining allegations of paragraph 6.

7. Plaintiff was and is ready, willing and able to provide telecommunications services to defendant pursuant to the NSA and the Service Contracts, and to perform all its obligations under the NSA and the Service Contracts. Plaintiff has been damaged as a result of Penthouse's wrongful repudiation of the NSA and Service Contracts.

**ANSWER NO. 7:** West Coast is without knowledge of the extent to which Plaintiff was or is "ready, willing and able to provide telecommunications services to defendant pursuant to the NSA and the Service Contracts, and to perform all its obligations under the NSA and the

Service Contracts," and therefore denies those allegations. West Coast denies the remaining allegations of Paragraph 7.

       8.    Penthouse's anticipatory breach of the NSA and the Service Contracts entitles plaintiff to recover all damages flowing from the breach, including the present value of its damages from Penthouse's breach of the total NSA and all Service Contracts between plaintiff and defendant.

      **ANSWER NO. 8:**    Denied.

## COUNT ONE
### (Anticipatory Breach of Contract)

       9.    Plaintiff incorporates the allegations of paragraphs 1 through 8 above.

      **ANSWER NO. 9:**    West Coast hereby incorporates by reference, as though fully set forth herein, the previous responses to the allegations in the preceding paragraphs of this Complaint.

      10.    Defendant has anticipatorily breached the terms of the NSA and the Service Contracts by its wrongful repudiation of the NSA and Service Contracts.

      **ANSWER NO. 10:**    Denied.

      11.    Plaintiff has been damaged as a result of defendant's breaches.

      **ANSWER NO. 11:**    Denied.

## COUNT TWO
### (Quantum Meruit/Unjust Enrichment)

      12.    Plaintiff incorporates the allegations of paragraphs 1 through 11 above.

      **ANSWER NO. 12:**    West Coast hereby incorporates by reference, as though fully set forth herein, the previous responses to the allegations in the preceding paragraphs of this Complaint.

      13.    Plaintiff has conferred benefits on defendant by reserving telecommunications services for defendant's use.

      **ANSWER NO. 13:**    Denied.

14. Defendant was aware of the benefits conferred by plaintiff, and has accepted those benefits.

**ANSWER NO. 14:** Denied.

15. It would be inequitable for defendant to retain such benefits without compensation to plaintiff.

**ANSWER NO. 15:** Denied.

16. Plaintiff has been damaged as a result of defendant's failure to pay for the benefits conferred on defendant by plaintiff.

**ANSWER NO. 16:** Denied.

## ANSWER TO PRAYER FOR RELIEF

West Coast denies that Plaintiff is entitled to any of the relief it seeks.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint is barred because it fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's Complaint is barred because Plaintiff failed to mitigate its damages.

### Third Affirmative Defense

Plaintiff's Complaint is barred by reason of Plaintiff's unclean hands.

### Fourth Affirmative Defense

Plaintiff's Complaint is barred by estoppel.

### Fifth Affirmative Defense

Plaintiff's Complaint is barred by waiver.

### Sixth Affirmative Defense

Plaintiff's Complaint is barred because the contract is unconscionable.

### Seventh Affirmative Defense

Plaintiff's Complaint is barred because the contract is void for violating public policy.

### Eighth Affirmative Defense

Plaintiff's Complaint is barred because the contract is void for frustration of purpose and impracticability.

### Ninth Affirmative Defense

Plaintiff's Complaint is barred because the contract is void for mutual mistake.

## PRAYER FOR RELIEF

WHEREFORE, Defendant West Coast Facilities Inc. respectfully requests that the Court enter judgment in its favor against Intelsat USA Sales Corporation and that it grant West Coast the following relief:

(a) All costs and attorney's fees incurred by West Coast;

(b) Such other relief as the Court deems appropriate.

West Coast hereby demands a jury trial on all issues and claims so triable.

Dated: September 21, 2007                    Respectfully submitted,

/s/ Brendan J. McMurrer

Brendan J. McMurrer (DC Bar # 493424)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Phone: (202) 736-8000
Fax:   (202) 736-8711
Email: bmcmurrer@sidley.com