## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTELSAT USA SALES CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1443 (RMC) |
| | ) |
| WEST COAST FACILITIES INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## JOINT REPORT – STATEMENT OF THE CASE

Pursuant to the Court's Order of September 25, 2007, Intelsat USA Sales Corporation and West Coast Facilities Inc. hereby submit their respective statements of the case and the statutory basis for all causes of action and defenses, as follows:

**Plaintiff**

This is a case for anticipatory breach and quantum meruit/unjust enrichment. Jurisdiction and venue in this Court is based on diversity jurisdiction, and a forum selection clause contained in the contract, as well as defendant's breach of its obligations to the plaintiff in the District of Columbia.

On December 28, 2005, Intelsat USA and Penthouse entered into a Nonexclusive Service Agreement ("NSA"). Under the terms of the NSA, Intelsat USA agreed to provide Penthouse with certain telecommunications services commencing October 21, 2007 and ending August 1, 2018. Penthouse agreed to pay Intelsat USA's charges and fees for such services as described in the Service Contracts made part of the NSA, and agreed to pay all invoices issued by Intelsat USA for such services. On April 13, 2007, Penthouse wrongfully and without cause repudiated the Agreement. Plaintiff was and is ready, willing and able to provide telecommunications

services to defendant pursuant to the NSA and the Service Contracts, and to perform all its obligations under the NSA and the Service Contracts.

Penthouse's anticipatory breach of the NSA and the Service Contracts entitles plaintiff to recover all damages flowing from the breach, including the present value of its damages from Penthouse's breach of the total NSA and all Service Contracts between plaintiff and defendant. That present value is believed to be  $7,377,244.77.

**<u>Defendant</u>**

Defendant denies that the Nonexclusive Service Agreement ("NSA") and Service Contracts between Plaintiff and Defendant are valid and enforceable and avers that such agreements have been rendered void.  Further, Plaintiff is barred from seeking an equitable remedy by reason of its unclean hands and other conduct.

Even if the NSA and Service Contracts remain valid and enforceable, however, Plaintiff has not suffered any damages and therefore is not entitled to any relief.  Plaintiff's damages, if any, cannot be based on the present value of the total NSA and all Service Contracts because Plaintiff cannot establish that it is able to perform all of its obligations under the agreements for the full term of the agreements.  Further, on or before the date performance was to occur, Plaintiff was aware of its affirmative duty to mitigate potential damages resulting from any breach of the NSA or Service Contracts.  Plaintiff's failure to take reasonable action to mitigate its damages negates or reduces any damages it may be entitled to recover.

Respectfully submitted,


/s/ David I. Bledsoe
_____

David I. Bledsoe (DC Bar # 422596)
300 North Washington Street
Suite 708
Alexandria, Virginia 22314
Phone:  (703) 379-9424
Fax:       (703) 684-1851
Email:   bledsoelaw@earthlink.net

*Attorney for Plaintiff Intelsat USA Sales
Corporation*


/s/ Brendan J. McMurrer
_____

Brendan J. McMurrer (DC Bar # 493424)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
Phone:  (202) 736-8000
Fax:       (202) 736-8711
Email:   bmcmurrer@sidley.com

*Attorney for Defendant West Coast
Facilities Inc.*


Dated:  October 19, 2007