**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| INTELSAT USA SALES CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1443 (RMC) |
| ) | |
| WEST COAST FACILITIES INC., ) | |
| ) | |
| Defendant. ) | |

**JOINT MOTION FOR STIPULATED PROTECTIVE ORDER**

Plaintiff Intelsat USA Sales Corporation and Defendant West Coast Facilities Inc. (collectively, the "Parties"), through their respective counsel, jointly move for the entry of the attached Stipulated Protective Order ("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

The Parties have conferred and agree that given the confidential nature of the documents and information disclosed in the course of discovery, such disclosures should be subject to the terms and conditions contained in the Protective Order.

Respectfully submitted,

/s/ David I. Bledsoe

David I. Bledsoe (DC Bar # 422596)
300 North Washington Street
Suite 708
Alexandria, Virginia 22314
Phone: (703) 379-9424
Fax:    (703) 684-1851
Email:  bledsoelaw@earthlink.net

*Attorney for Plaintiff Intelsat USA Sales Corporation*

/s/ Brendan J. McMurrer

Brendan J. McMurrer (DC Bar # 493424)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Phone: (202) 736-8000
Fax:    (202) 736-8711
Email:  bmcmurrer@sidley.com

*Attorney for Defendant West Coast Facilities Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| INTELSAT USA SALES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-1443 (RMC) |
| WEST COAST FACILITIES INC., | ) ) ) | |
| Defendant. | ) ) | |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties to this action having agreed, through their respective counsel, to the entry of the following Stipulated Protective Order ("Protective Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff Intelsat USA Sales Corporation ("Plaintiff") and Defendant West Coast Facilities Inc. ("Defendant") may designate documents, things, or other information or evidence contemplated under Rules 26-37, and 45 of the Federal Rules of Civil Procedure produced or provided in this case through discovery as: (i) "CONFIDENTIAL," which contain, include, constitute, refer, or relate to confidential, proprietary, or competitively sensitive customer information or other business information ("CONFIDENTIAL Materials"); or (ii) "CONFIDENTIAL – COUNSEL AND EXPERTS ONLY," which contain, include, constitute, refer, or relate to highly confidential, proprietary, or competitively sensitive research and/or development information, financial information, trade secrets, customer information or other business information ("CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials").

2. Any such designated CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL AND EXPERTS ONLY," as applicable, and subject to the provisions of this Protective Order. Copies of CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials and any receiving party's summary, compilation, or expression in another medium of these Materials are protected under this Protective Order to the same extent as the original CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials. No party shall designate material as CONFIDENTIAL or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY unless counsel for the producing party believes in good faith that the designated material is entitled to such protection under Federal Rule of Civil Procedure 26(c)(7).

3. Whenever a party designates documents, things, or other information as CONFIDENTIAL or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY, such materials must be stamped or marked prior to their release to the receiving party as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL AND EXPERTS ONLY." The protocol for designating deposition testimony as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL AND EXPERTS ONLY" is set forth in Paragraph 8 below.

4. Access to CONFIDENTIAL Materials, copies thereof, and the information they contain or reflect shall be strictly limited to the following persons who agree to be bound by the terms of this Protective Order:

    (a) The attorneys of record in this action and the associates, paralegals, and other employees of their law firms who have reason to have access to the CONFIDENTIAL Materials by virtue of their involvement in this action;

(b)     The in-house attorneys for the parties in this action and the associates, paralegals, and other employees of their legal departments who have reason to have access to the CONFIDENTIAL Materials by reason of their involvement in this action;

(c)     Professional vendors that provide support services (*e.g*., photocopying; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.), stenographic reporters; videographers; or interpreters who have reason to have access to the CONFIDENTIAL Materials by reason of their involvement in this action;

(d)     The Court and its personnel;

(e)     Persons (other than the parties to this action) retained for the purpose of furnishing expert services or testimony or providing assistance in the preparation of the action, provided such persons execute an Acknowledgment to Be Bound By Protective Order, as set forth in Exhibit A, prior to reviewing such CONFIDENTIAL Materials;

(f)     Potential witnesses or deponents who presently are or formerly were employed with the receiving party, but not including present or former independent contractors or outside consultants of the receiving party, and who are or were familiar with the content of the CONFIDENTIAL Materials to be disclosed to them during their testimony or deposition, provided such witnesses or deponents execute an Acknowledgment to Be Bound By Protective Order, as set forth in Exhibit A, prior to reviewing such CONFIDENTIAL Materials;

    (g)    Persons who wrote, authored or received the document or gave the testimony designated as "CONFIDENTIAL;"

    (h)    Any officer, director, employee or representative of the named parties to this action who are required in good faith to provide assistance in the conduct of this action (and for no other purpose), provided such persons execute an Acknowledgment to Be Bound By Protective Order, as set forth in Exhibit A, prior to reviewing such CONFIDENTIAL Materials; and

    (i)    Any other person agreed to in writing by the producing party, provided such person executes an Acknowledgment to Be Bound By Protective Order, as set forth in Exhibit A, prior to reviewing such CONFIDENTIAL Materials.

5.    Access to CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials, copies thereof, and the information they contain or reflect shall be strictly limited to the following persons who will be advised of this Protective Order and agree to be bound by the terms of this Protective Order:

    (a)    The attorneys of record in this action and the associates, paralegals, and other employees of their law firms who have reason to have access to the CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials by virtue of their involvement in this action;

    (b)    The in-house attorneys for the parties in this action and the associates, paralegals, and other employees of their legal departments who have reason to have access to the CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials by reason of their involvement in this action;

4

(c)  Professional vendors that provide support services (*e.g.*, photocopying; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.), stenographic reporters; videographers; or interpreters who have reason to have access to the CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials by reason of their involvement in this action;

(d)  The Court and its personnel;

(e)  Persons (other than the parties to this action) retained for the purpose of furnishing expert services or testimony or providing assistance in the preparation of the action, provided such persons execute an Acknowledgment to Be Bound By Protective Order, as set forth in Exhibit A, prior to reviewing such CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials;

(f)  Potential witnesses or deponents who presently are or formerly were employed with the receiving party, but not including present or former independent contractors or outside consultants of the receiving party, and who are or were familiar with the content of the CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials to be disclosed to them during their testimony or deposition, provided such witnesses or deponents execute an Acknowledgment to Be Bound By Protective Order, as set forth in Exhibit A, prior to reviewing such CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials;

(g)  Persons who wrote, authored or received the document or gave the testimony designated as "CONFIDENTIAL – COUNSEL AND EXPERTS ONLY;" and

5

  (h) Any other person agreed to in writing by the producing party, provided such person executes an Acknowledgment to Be Bound By Protective Order, as set forth in Exhibit A, prior to reviewing such CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials.

  6. Before those applicable persons described in paragraphs 4(e), 4(f), 4(h), 4(i), 5(e), 5(f), 5(h) above may be permitted access to any CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials, such person first shall have read this Protective Order and shall have executed an Acknowledgment to Be Bound By Protective Order, as set forth in Exhibit A.  Counsel for the party disclosing CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials to any such person shall be responsible for maintaining a list of all such persons and maintaining the original Acknowledgments signed by them.

  7. If documents, things, or other information containing or embodying CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials are filed with the Court, they shall be filed under seal and prominently marked as follows:

> CONFIDENTIAL [OR CONFIDENTIAL – COUNSEL AND EXPERTS ONLY] – FILED UNDER SEAL IN ACCORDANCE WITH A STIPULATED PROTECTIVE ORDER ENTERED ON [DATE], THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL [OR CONFIDENTIAL – COUNSEL AND EXPERTS ONLY] AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN THE PROTECTIVE ORDER

  8. In the event that a question is asked at a deposition that calls for or results in the disclosure of CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials, counsel for the party claiming such confidentiality may designate the question

and answer (or series of questions and answers) as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL AND EXPERTS ONLY" by making, at the deposition, a statement on the record so designating such portions, and shall direct the reporter to place such designated CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials on separate transcript pages prominently marked with the legend "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL AND EXPERTS ONLY," as appropriate.  Regardless of whether notice was given at the deposition, deposition transcripts shall be treated as CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials under Paragraph 1 of this Protective Order for five (5) business days after delivery of the transcript to the parties.  Counsel for the parties shall have five (5) business days after receipt of the deposition transcript within which to inform the deposing party of the portions of the transcript (by specific page and line numbers) to be designated as CONFIDENTIAL or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY, as appropriate.  Subject to Paragraph 13 below, and unless designated at the time of the deposition or within the five-day period, designation of confidentiality is waived unless otherwise stipulated or ordered.  Any person present at a deposition who has not signed an Acknowledgment to Be Bound By Protective Order, as set forth in Exhibit A, prior to the commencement of the deposition or is otherwise not authorized to receive or review CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials shall not be permitted to hear testimony designated as CONFIDENTIAL or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY, as appropriate, and shall be required to leave the deposition during such testimony.

    9.  Every person, firm, or organization receiving CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials pursuant to this Protective

Order (a) shall use the same solely for purposes of this action; (b) shall not use the same for any business, commercial, or competitive purpose; (c) shall not disclose the contents to anyone who is not subject to this Protective Order or who has not executed an Acknowledgment to Be Bound By Protective Order, as set forth in Exhibit A; and (d) agrees to be subject to the jurisdiction of this Court for the purpose of any proceeding relating to performance under, compliance with, or violation of this Protective Order.  The United States District Court for the District of Columbia shall retain jurisdiction to enforce this Protective Order even after termination of this action.  This Protective Order, however, in no way operates to restrict the disclosure or use of any information which (a) was, is, or lawfully becomes publicly available other than through violations of this Protective Order; (b) was or is acquired by a party from a third party having the right to disclose such information to the recipient; or (c) was lawfully possessed by the receiving party prior to entry by the Court of this Protective Order.

10. Nothing in this Protective Order shall prejudice any party from seeking amendments to this Protective Order that broaden or restrict the rights of access to and use of CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials.

11. Each party reserves the right to dispute the designation of CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials by any other party in accordance with this Protective Order.  The parties shall first try to resolve any such dispute on an informal basis before presenting the dispute to the Court.  Any party believing that any documents, things, or other information have been inappropriately designated by another party as CONFIDENTIAL or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY shall inform counsel for the party making the designation as such, in writing.  If the parties are unable

to resolve the matter informally within ten (10) calendar days of such writing, the party objecting to the designation then may file an appropriate motion with the Court. Until and unless the Court may finally determine that such documents, things, or other information are not properly designated as CONFIDENTIAL or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY pursuant hereto, the same shall continue to be treated as CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials, as applicable, in accordance with the terms of this Protective Order. The producing party has the burden of proving the subject item contains confidential information of such nature as to justify its designated status.

12. Except as stated herein, by making documents, things, and other information designated as CONFIDENTIAL or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY available for use in this action, neither party has waived or compromised the confidentiality or protectability of the materials. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall in any way prejudice any claim or defense in this action or any right of a third party.

13. If a producing party realizes it has inadvertently produced a document, thing, or other information that it considers to be CONFIDENTIAL or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY without marking it as "CONFIDENTIAL" or "CONFIDENTIAL – COUNSEL AND EXPERTS ONLY," it may contact the receiving party and notify it of such inadvertent production. The inadvertently produced materials will thereafter be treated by the receiving party as CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials, as appropriate, and will be subject to the terms of this Protective Order. The producing party promptly thereafter shall produce a marked copy of the document,

thing, or other information, and the receiving party shall return or destroy unmarked copies and attempt to retrieve all unmarked copies from any individual who received an unmarked copy.

      14.    If a producing party realizes it has inadvertently produced materials that it considers to be covered by the attorney-client privilege, work product immunity, or other applicable privilege or immunity, it may contact the receiving party and notify it of such inadvertent production. Such inadvertent disclosure shall not constitute a waiver of any privilege or immunity if the producing party:

      (a)    notifies the receiving party in writing within fifteen (15) business days of the date of discovery of the inadvertent production that the producing party claims the material, in whole or in part, to be privileged. Such notice must state the nature of the privilege being asserted; and

      (b)    identifies the produced materials by either:

      (i)    Bates stamp number designations; or

      (ii)    the date(s) of the document(s), the name(s) of its author(s) and the name(s) of each person to whom the document(s) were addressed.

      15.    Upon receipt of the written notice required in Paragraph 14 above, the receiving party will have five (5) calendar days within which it shall return to the producing party the inadvertently produced privileged materials and destroy all copies or notes thereof, unless the parties mutually agree upon a longer time for return and destruction of the privileged materials. In the event that only part of the material is claimed to be privileged, the producing party shall furnish redacted copies of such material, removing only the part(s) thereof claimed to be privileged, together with such written notice. Upon receipt of the redacted copy, each party shall

promptly return the unredacted copy to the producing party and destroy any copies or notes thereof. No use shall be made of such inadvertently produced materials during a deposition or at trial, nor shall such materials be shown to anyone (unless the person has already been given access to it) subsequent to the request for its return. Should the parties be unable to agree because of a good-faith argument about the applicability of any privilege or protection, the party opposing the privilege or protection may move the Court for an order compelling the production of the material asserted to be privileged. The party asserting the privilege or protection has the burden of establishing the existence of the privilege if such dispute is submitted to the Court for resolution. Nothing herein shall impair any party's right to challenge, by motion or otherwise, a producing party's assertion of a privilege with respect to any material.

      16.    Within thirty (30) calendar days after conclusion of this action, whether by settlement or by final, non-appealed, decision, all CONFIDENTIAL Materials and CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials and all documents that reflect such information (except as provided below) shall be (i) delivered to the party that produced such materials or (ii) in lieu of delivery to the producing party, destroyed, in which event counsel shall give written certification of such destruction to counsel for the party producing the CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials. In no event shall a party retain a copy of CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials produced to it, except that counsel may keep one complete set of pleadings and discovery materials containing CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials for archival purposes. Furthermore, nothing in this Protective Order requires the return

of CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials filed with the Court.

Stipulated to,

| /s/ David I. Bledsoe | /s/ Brendan J. McMurrer |
|---|---|
| David I. Bledsoe (DC Bar # 422596)<br>300 North Washington Street<br>Suite 708<br>Alexandria, Virginia 22314<br>Phone:  (703) 379-9424<br>Fax:     (703) 684-1851<br>Email:  bledsoelaw@earthlink.net<br><br>*Attorney for Plaintiff Intelsat USA Sales Corporation* | Brendan J. McMurrer (DC Bar # 493424)<br>SIDLEY AUSTIN LLP<br>1501 K Street, N.W.<br>Washington, D.C.  20005<br>Phone:  (202) 736-8000<br>Fax:     (202) 736-8711<br>Email:  bmcmurrer@sidley.com<br><br>*Attorney for Defendant West Coast Facilities Inc.* |

Entered As An Order Of This Court This _____ Day Of _____, 2008

_____
ROSEMARY M. COLLYER
United States District Judge

**Exhibit A**

**ACKNOWLEDGMENT TO BE BOUND BY PROTECTIVE ORDER**

      I hereby acknowledge that I am to receive documents, things, or information designated as CONFIDENTIAL or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY pursuant to the terms of the Stipulated Protective Order ("that Protective Order") in *Intelsat USA Sales Corporation* v. *West Coast Facilities Inc.* (Civil Action No. 07-1443) (RMC), in the United States District Court for the District of Columbia ("the Court"). I acknowledge receipt of a copy of that Protective Order, and certify that I have read it and that I agree to be bound by the terms and restrictions therein.

      I further agree that any document, thing, or other information designated as CONFIDENTIAL or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY pursuant to that Protective Order, and which is delivered to me, will be segregated and kept by me in a safe place, and will not be made known to others except in accordance with the terms of that Protective Order. I further understand and agree that any summaries or other materials containing information obtained from CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials furnished to me also shall be treated by me in accordance with the terms of that Protective Order. I further agree to notify any stenographic or clerical personnel or employees who are required to assist me of the terms of that Protective Order. I also agree to dispose of all such CONFIDENTIAL Materials or CONFIDENTIAL – COUNSEL AND EXPERTS ONLY Materials and all summaries or other materials containing information therefrom in such manner as I may be instructed after completing my services. I acknowledge that the return or subsequent destruction of such materials shall not relieve me from any of the obligations imposed by that Protective Order.

      I hereby agree to be subject to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of that Protective Order. I further acknowledge that I understand that I may be subject to sanctions imposed by the Court, including an order of contempt, if I fail to abide by and comply with that Protective Order.

Signature:                                       Date:

Name:                                          Business Address:

Title:                                            Phone: