**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTELSAT USA SALES CORPORATION, )<br><br>Plaintiff, )<br><br>v. )<br><br>WEST COAST FACILITIES, INC., )<br>formerly known at Penthouse Media )<br>Group (CA), Inc. )<br><br>Defendant. | Civil Action No. 07-1443 (RMC/DAR) |

**PLAINTIFF INTELSAT'S MEMORANDUM IN OPPOSITION TO MOTIONS
TO COMPEL AND FOR PROTECTIVE ORDER OF DEFENDANT WEST
COAST FACILITIES, INC.**

Plaintiff Intelsat USA Sales Corporation, by counsel, pursuant to F.R.Civ. P. 37, files this Memorandum in Opposition to the Motions to Compel and for Protective Order of Defendant West Coast Facilities, Inc., formerly known as Penthouse Media Group (CA), Inc. ("PMGI (CA)").  Defendant's Motion to Compel is based on a attempt to rewrite the history of the discovery in this case.  Fortunately for the Court, and unfortunately for Defendant, the record of discovery in this matter has been well preserved by documents.  A brief scan of these documents reveals the truth: that it is Defendant, not Intelsat, that has repeatedly delayed and refused to provide witnesses and documents.

This is a fairly straightforward case.  Intelsat is in the business of leasing satellite services to its customers. Intelsat is the largest provider of satellite services in the world.

Defendant's parent corporation, PMGI, began negotiations with Intelsat for satellite services. During the course of the negotiations, PMGI requested that the contract be, not between itself and Intelsat, but its subsidiary PMGI (CA), previously unknown to Intelsat. [1] PMGI (CA), if it indeed exists, entered into a contract with Intelsat to procure a specific amount of bandwidth on a specific transponder on a specific satellite: 18 MHZ (one half) of transponder C16 on Satellite IA-13, known as Galaxy 23 (hereafter, "G-23"). See Exhibit A to Complaint. [2]

Intelsat reserved such contracted capacity for Defendant, but Defendant repudiated the contract prior to its performance. According to Defendant's counsel, PMGI (CA) has ceased operations. At all times relevant to the contract, Intelsat has had excess capacity on G-23. In an effort to obfuscate the relatively few issues, Defendant engages in a far-ranging fishing expedition, asking for years of Intelsat's marketing and customer records, the performance of satellites which have nothing to do with this case and all litigation that Intelsat has ever been involved in.

Intelsat has 53 different satellites in orbit, and literally thousands of transponders in service. Defendant's requests are improper, overbroad and intended to harass, and should be denied. Bastin v. Federal National Mortgage Association, 104 F.3d 1392, 1396 (D.C.Cir. 1997) ("the district court does not abuse its discretion when it denies a

---

[1]      One of the categories of discovery that Intelsat seeks, and Defendant refuses to provide, is corporate evidence that the Defendant actually existed. Defendant has produced no corporate minutes, bylaws, articles of incorporation, or other documents to show that Defendant is anything more than a name filed with the California Department of State. Virtually every bit of correspondence between the "parties" in this case is between an Intelsat employee and a PMGI employee, not a PMGI (CA) employee; Defendant refuses to provide any information about either company's personnel. See, e.g, Exhibit N (filed under seal).

[2] The last page of the contract attached as Exhibit A to the Complaint contains the Performance Parameters for the contract, including the specific capacity and transponder assigned to PMGI.

discovery request that would amount to nothing more than a fishing expedition");

Hardrick v. Legal Services Corp., 96 F.R.D. 617 (D.C.D.C. 1983).

At all relevant times, Intelsat has had excess capacity on the only satellite at issue here, G-23.  In other words, in addition to the bandwidth for which PMGI contracted, Intelsat has had additional empty transponders on G-23.  Thus, PMGI's repeated efforts to seek documents related to "mitigation of damages" by Intelsat are not germane.  Until Intelsat has been able to fill its transponder "vacancies," it is under no obligation to attempt to find a customer to take over PMGI's capacity.

## HISTORY OF DEPOSITION DISCOVERY IN THE CASE

1.      On April 11, 2008, plaintiff Intelsat served upon defendant PMGI (CA) a Notice of Deposition, calling for a deposition at its corporate offices at 6800 Broken Sound Parkway, Boca Raton, Florida on May.   See Exhibit A.

2.      On April 11, 2008, Intelsat also served pursuant to Rules 30 and 45, a subpoena on the parent of PMGI (CA), Penthouse Media Group, Inc. ("PMGI"), calling for the production of documents and a deposition at its corporate offices, also at the same address in 6800 Broken Sound Parkway, Boca Raton, Florida.  See Exhibit B.

3.      On March 31, 2008, Mr. Rothken entered his appearance by motion pro hac vice. In late April, Mr. Rothken asked that, due to his recent entry into the case, that the depositions of defendant and defendant's parent be postponed, and asking for a second 30 day extension of discovery.  Counsel for Intelsat agreed, requesting that a new date be provided for those depositions. See Exhibit C.  Counsel for defendant

4.      On May 29, 2008, counsel for Intelsat wrote a detailed letter to counsel for

defendant again, again requesting a date for the depositions of PMGI (CA) and

PMGI.  See Exhibit E.  No date was ever provided in response to that letter.

5.      On June 16, 2008, counsel for Intelsat wrote yet another letter to counsel

for defendant, again requesting dates for the depositions of PMGI (CA) and PMGI

and demanding that the deponents be produced during the week of June 23. See

Exhibit F.

6.      On June 25, 2008, counsel for Intelsat by email requested a telephonic

conference on the issues of defendant's non-compliance with discovery and repeated

failures to produce deponents.  See Exhibit G.  On June 26, 2008, counsel for both

parties had a lengthy telephonic conference, during which conference counsel for

defendants was unable to respond in any degree of specificity to any of the numerous

issues that counsel for Intelsat had raised.  Counsel for defendants did request yet

another extension of discovery.

7.      On June 26, 2008, *for the first time ever,* counsel for defendants sent a

30(b)(6) notice of deposition for Intelsat, seeking testimony on July 7  - a date which

counsel for Intelsat had specifically and repeatedly informed was not available -- and

giving a sparse five business days' notice to provide testimony on a total of 23 topics.

See Exhibit H.

8.      On June 27, 2008, counsel for Intelsat wrote yet another letter to counsel

for defendant repeating his demand that deponents be produced.  Counsel for Intelsat

offered to agree to yet another 30 day extension of discovery provided that, inter alia, defendant's counsel provide hard dates for the two long-overdue depositions and agree that such depositions be concluded prior to Intelsat's deposition. See Exhibit I. Counsel for defendant agreed.

9.      On June 30, counsel for defendant offered to produce its deponents in San Jose, California on July 24 and 25.  See Exhibit J.  Counsel for Intelsat agreed and booked a flight to San Jose.  Counsel for Intelsat offered July 30 or 31 for Intelsat's deposition, which dates were acceptable to counsel for defendant.  See Exhibit K.

10.      Finally, a mere week after agreeing to produce its witness on July 24 and 25, counsel for defendant then reneged on the agreement, stating that he intended to file a motion for a protective order no later than Tuesday, July 22 and would not produce its deponents prior to a determination of those issues.  Based upon that representation, counsel for Intelsat cancelled his flight to the West Coast. Counsel for defendants failed to file such motion until August 5.

11.      The statement of defendant's counsel that Intelsat has failed to provide any deposition dates for Intelsat's deposition is an absolute falsehood and an outrageous misrepresentation.  Despite the delay of months in providing any dates for the depositions of PMGI (CA) and PMGI, counsel for defendant finally agreed to produce deponents on July 24 and 25, only to then renege on that agreement a mere week later. Intelsat's deposition witness was prepared to testify on either July 30 or July 31.  The claim by Defendant's counsel that Intelsat's counsel has been remiss in providing a witness, in light of the repeated failures of Defendant's counsel to produce either of its witness which were first noticed in April 2008, despite the

repeated demands by Intelsat's counsel outlined in the many exhibits attached hereto, beggars belief.  Intelsat herewith is filing its own motion to compel to remedy the abuses of defendant.

## ARGUMENT

### I.    DEFENDANT'S MOTION TO COMPEL DEPOSITION

As noted at length above, Defendant is in no position to move to compel Intelsat's deposition; it is Defendant who since April has resisted all efforts to have depositions go forward.  Intelsat is filing herewith its own motion to compel the two depositions it has been seeking.

In particular, defendant seeks a deponent to testify concerning  three improper topics:  1) the knowledge of witnesses in the case; 2) all complaints from any third parties with regard to any satellite services provided on any satellite anywhere in the world; and 3) all marketing content and representations made by Intelsat at any time concerning any contract or any service.  All are improper and Intelsat's objections should be sustained.

First, it is simply improper to ask a party to attempt to provide deposition testimony summarizing the knowledge that may be possessed by witnesses to the case. Intelsat has identified persons that may have knowledge in the case, and attempted to summarize that knowledge in its Rule 26(c) disclosures.  The burden is on Defendant to pursue the knowledge of those witnesses if it desires.  No party is required to go collect

witness statements for the other side and then force-feed those to a 30(b)(6) witness to be deposed on what those witnesses may or may not know. [3]

Second, customer complaints regarding another transponder on another satellite in another part of the world have nothing whatsoever to do with this case. Such a request is not reasonably calculated to lead to the discovery of admissible evidence. Indeed, even other customer's complaint about service on G-23 is not even relevant to whether or not Intelsat was ready, willing and able to provide Defendant with 18 MHz of capacity on transponder on G-23. Intelsat has provided Defendant with the G-23 health report, which shows all anomalies and problems with the satellite at all relevant times. Nothing more is relevant, material, or required.

Finally, Defendant seeks all marketing representations made, not to PMGI, but to any and all third parties regarding any satellite service on any satellite in any part of the world that Intelsat made at any time. Not only does this request literally hundreds of thousands of emails and communications involving hundreds of customers, but, as Defendant well knows, it has nothing whatsoever to do with this case. Defendant has in its possession, and Intelsat has produced yet again, all communications made to PMGI. Nothing more is relevant to this case; nothing more should be required. Hardrick, supra.

---

[3] Intelsat's counsel has never before seen a request that a 30(b)(6) deponent collect witness statements and perform trial preparation for the opposing counsel. It is quite clear to see the intent of Defendant's discovery game. Defendant's counsel seeks to ask Intelsat's 30(b)(6) deponent "What does Mr. Jones know that is relevant to the case?", then seek to preclude Mr. Jones from testifying about anything that the 30(b)(6) deponent failed to mention. Defendant's counsel is quite able to ask Mr. Jones what he knows, if it is important to him, rather than taking a vicarious deposition through improper use of a 30(b)(6) notice.

## II.    DEFENDANT'S MOTION TO COMPEL DOCUMENTS

This is a fairly straightforward case.  Defendant, if it indeed exists, entered into a contract with Intelsat to procure a specific amount of bandwidth on a specific transponder on a specific satellite.  Defendant is engaged in a run-of-the-mill fishing expedition, asking for documents and information that have nothing to do with the contract at issue in an effort to make the pursuit of this case economically unfeasible for Intelsat.

Again, Defendant's counsel makes egregious misrepresentations to the Court. Defendant's primary objection appears to be that "Intelsat has refused to produce documents" that relate to Requests No.  1, 2, 4, 5, and 6 of Defendant's Second Request for Production of Documents. Defendant's Memorandum at 2-3. This is untrue, as Defendant's counsel well knows.

On May 28, 2008, counsel for both parties had a lengthy discussion about Defendant's perceived concerns about Intelsat's production.  Intelsat's counsel stated that the request was overbroad in that they sought information concerning all satellites in Intelsat's stable, but that with regard to the above Requests No. 1, 2, 4, and 5, Intelsat would produce all requested documents that related to the actual satellite in question.

This was confirmed in a letter on May 29, 2008 from Intelsat's counsel to Defendant's counsel confirming the production:

Second Set of Document Requests

> Again, we will be providing responsive documents that relate to the satellite at issue.  Thus, to the extent they exist, we will produce documents that relate to the satellite in question and are responsive to Requests No. 1, 2, 4, and 5.  We stand on our objection to Request No. 6;

this request is clearly improper.  With regard to Request No. 3, I have already outlined our response above.

Intelsat then produced all documents relating to G-23 that were responsive to such requests.  For example, Intelsat has provided loading charts for the G-23 satellite showing continuous unused capacity on that satellite and the reservation of transponder 18 for PMGI.  Defendant has either not read them or chosen to simply pretend to the Court that they do not exist.

Likewise, in response to requests regarding Intelsat's inability to provide the service or service failure,  Intelsat has provided a Health Report for the G-23 satellite showing all complaints or defects in service at all relevant times.  In response to requests regarding licenses and intellectual property, Intelsat has provided the only licenses that relate, even tangentially, to the provision of satellite services on G-23.  Intelsat has not produced any "cease and desist" letters relating to G-23, because none exist.

While Intelsat has fully complied with its discovery obligations as detailed above, Defendant seeks additional documents of no possible relevance to the provision of this bandwidth on this transponder on this satellite.  While it is difficult to ascertain from Defendant's general allegations precisely what other specific deficiencies Defendant is complaining about, several categories which Defendant seeks are clearly irrelevant, overbroad, harassing and abusive.

First, Defendant seeks production of all documents that relate to any litigation involving Intelsat that relates to satellite services.  Defendant's Memorandum at 3.  This is a classic fishing expedition, intended only to harass and having no relevance to Intelsat's ability to perform this contract.

Second, Defendant seeks production of all documents relating to all of Intelsat's marketing efforts over the past several years. Defendant's Memorandum at 5-6. These request seek literally hundreds of thousands of emails and other materials relating solely to third parties having nothing to do with this case. Intelsat has produced all correspondence between it and PMGI and/or PMGI(CA). Nothing from Intelsat's marketing to third parties is relevant to this simple case.

Third, Defendant seeks documents relating to Intelsat's litigation strategy and decision to sue Defendant. Defendant's Memorandum at 7. Intelsat has produced all communications between Intelsat and PMGI/PMGI(CA), as Defendant well knows. What Defendant now seeks is core work product, Intelsat's internal discussions concerning the decision to file this suit. This is clearly improper as a request for material dealing with Intelsat's litigation strategy that is fundamentally protected from disclosure. See F.R.Civ. P. 26(b)(3); In re Grand Jury Subpoena, 282 F.3d 156, 161 (2d Cir. 2002); Retail Brand Alliance, Inc. v. Factory Mutual Insurance Co, 2008 U.S. Dist. LEXIS 17746 (March 7, 2008).

### III.    **DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

Finally, Defendant seeks to preclude the production of documents and testimony on three relevant topics: 1) the corporate structure of Defendant; 2) the business conducted by Defendant; and 3) the capitalization of Defendant. All three are reasonably calculated to lead to the discovery of admissible evidence.

First, Defendant, for unknown reasons, has objected to producing corporate documents that would prove that it indeed is a legal entity, and documents and information regarding potential witnesses. PMGI (CA) has refused to produce a deponent to testify to topics 3 (the corporate structure of defendant).  Although PMGI (CA) initially agreed to produce a deponent on the topic of the corporate officers, directors and personnel of defendant,  all potential witnesses, PMGI now seeks a protective order precluding any inquiry into the identification of those witnesses.  See Exhibit M.

PMGI (CA) has refused to produce any corporate documents at all, other than snapshots of webpages from the Florida and California Secretaries of State.  Based on the non-production, it appears that PMGI (CA) may not have ever actually legally existed. There have been no minutes produced, no indication that the Board of Directors ever met or even existed, no bylaws, no articles of organization.   Those are necessary acts for the corporation to have even existed under California law; if there are no documents proving such existence, then a fraud has been perpetrated, and Intelsat is entitled to discovery on that fraud to pursue those responsible.  Moreover, the identity of corporate officers, directors and personnel are non-controversial and clearly relevant, as each may be a potential witness.

Likewise, for unknown reasons, PMGI (CA) refuse to produce a witness on the non-controversial subject of the business it conducted (topic 7). It is difficult to understand how this background information could be objectionable, but the motion for protective order is not well taken and should be denied.

Finally, PMGI (CA) objects to any testimony regarding its capitalization (topic 4). Defendant states baldly, without citation, that the capitalization of a defendant is only

relevant in cases of punitive damages.  Again, this topic goes to both the issue of whether

PMGI (CA) ever actually legally existed, as well as the reasons behind PMGI's

anticipatory repudiation.   The Motion for Protective Order must be denied.


For the foregoing reasons, Plaintiff Intelsat USA Sales Corporation prays this

Court deny the Motion to Compel and Motion for Protective Order, require PMGI(CA)

and PMGI to produce its 30(b)(6) witnesses at a time and place convenient for counsel

for Intelsat,  and award to Plaintiff its attorneys' fees and costs, and such other relief as to

the Court seems proper.


INTELSAT USA SALES CORPORATION
By Counsel


_____ / s / _____
David I. Bledsoe
Counsel for Plaintiff Intelsat USA Sales Corporation
Bar Number 422596
300 North Washington Street
Suite 708
Alexandria, VA  22314
703-379-9424
703-684-1851(fax)
bledsoelaw@earthlink.net

## CERTIFICATE OF SERVICE

I certify that on August 18, 2008, a copy of the foregoing was served by ECF upon :

Brendan J. McMurrer, Esq.
Sidley Austin LLP
1501 K Street, NW
 Washington, DC 20005

Ira Rothken, Esq.
ROTHKEN LAW FIRM LLP
3 Hamilton Landing, Suite 280
Novato, CA 94949

_____ / s / _____
David I. Bledsoe
Counsel for Plaintiff Intelsat USA Sales
Corporation
Bar Number 422596
300 North Washington Street
Suite 708
Alexandria, VA  22314
703-379-9424
703-684-1851(fax)
bledsoelaw@earthlink.net

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTELSAT USA SALES CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 07-1443 (RMC) |
| WEST COAST FACILITIES INC., | ) ) ) |
| Defendant. | ) ) ) |

## NOTICE OF 30(B)(6) DEPOSITION OF DEFENDANT
## WEST COAST FACILITIES, INC.

Plaintiff Intelsat USA Sales Corporation ("Intelsat"), by counsel, serves this Notice of Deposition of Defendant West Coast Facilities, Inc., pursuant to F.R.Civ.P 30(b)(6), to be held on May 7, 2008 at the Boca Raton Bridge Hotel, 999 E Camino Real, Boca Raton, FL 33432 at 9 am. This deposition is being taken for the purposes of discovery, for use at trial, and for all other purposes, as permitted under the rules of the Court and all applicable statutes and laws. You are invited to attend and cross-examine.

Defendant must designate one or more officers, directors, managing agents or other person who consents to testify on its behalf on the following matters, and as to which matters each such person will testify:

1.    The negotiation of the contract at issue between Intelsat and defendant.

2.    Defendant's intended use of the services contracted for under the contract with Intelsat;

3.    The corporate structure of defendant, including its relationship with parent and subsidiary companies.

4.    The capitalization of defendant;

5.    The decision to repudiate the contract at issue and reasons for such repudiation.

6.    Corporate officers, directors, and personnel of defendant.

7.    Business conducted by defendant.

8.    Defendant's decision to cease doing business and reasons for such decision.

9.    Any transfer of assets, liabilities, contracts, or monies between defendant and Penthouse Media Group, Inc. since January 2005.

10.   Any financial transaction between defendant and Penthouse Media Group, Inc. since January 2005.

INTELSAT USA SALES CORPORATION
By Counsel

David I. Bledsoe
Counsel for Plaintiff Intelsat USA Sales Corporation
Bar Number 422596
300 North Washington Street
Suite 708
Alexandria, VA  22314
703-379-9424
703-684-1851(fax)
bledsoelaw@earthlink.net

**CERTIFICATE OF SERVICE**

I certify that on April 11, 2008, a copy of the foregoing was served by email and US mail upon:

Brendan J. McMurrer, Esq.
Sidley Austin LLP
1501 K Street, NW
Washington, DC 20005

David I. Bledsoe
Counsel for Intervenor-Plaintiff Intelsat General
Corporation
Bar Number 29826
300 North Washington Street
Suite 708
Alexandria, VA 22314
703-379-9424
703-684-1851(fax)
bledsoelaw@earthlink.net

**Issued by the**

# UNITED STATES DISTRICT COURT

### Southern  District of Florida

INTELSAT USA SALES CORPORATION

V.

WEST COAST FACILITIES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   1:07-cv-01443(RMC)(USDC D.C.)

TO:  PENTHOUSE MEDIA GROUP, INC.
 SERVE: CORPORATION SERVICE CO.
 1201 HAYS STREET
 TALAHASSEE FL 32301

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
   to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
   in the above case.

| PLACE OF DEPOSITION   Boca Raton Bridge Hotel,999 E Camino Real, Boca Raton, FL 33432 | DATE AND TIME  5/8/2007 10:00 am |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
   place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)       ATTORNEY FOR PLAINTIFF | DATE   4/11/08 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David I. Bledsoe, 300 N. Washington St., Suite 708, Alexandria VA 22314
703 379 9424

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTELSAT USA SALES CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 07-1443 (RMC) |
| WEST COAST FACILITIES INC., | ) ) ) |
| Defendant. | ) ) ) ) |

## NOTICE OF 30(B)(6) DEPOSITION OF PENTHOUSE MEDIA GROUP, INC.

Plaintiff Intelsat USA Sales Corporation ("Intelsat"), by counsel, serves this Notice of

Deposition of Penthouse Media Group, Inc. ("Penthouse"), pursuant to F.R.Civ.P. 30(b)(6) and

45, to be held on May 8, 2008 at the Boca Raton Bridge Hotel, 999 E. Camino Real, Boca Raton,

FL 33432 at 10 am. This deposition is being taken for the purposes of discovery, for use at trial,

and for all other purposes, as permitted under the rules of the Court and all applicable statutes

and laws. You are invited to attend and cross-examine.

Penthouse must designate one or more officers, directors, managing agents or other

person who consents to testify on its behalf on the following matters, and as to which matters

each such person will testify:

1.      The corporate structure of Penthouse, including its relationship with West

Coast Facilities, Inc., formerly known as Penthouse Media Group (CA), Inc.

2.      Penthouse's use of satellite services from January 2006 to the present.

3.      Corporate officers, directors, and personnel of Penthouse.

4.    Business conducted by Penthouse involving distribution of content by electronic means, including video on demand, since January 2006, or plans for such business.

5.    Any transfer of assets, liabilities, contracts, or monies between West Coast Facilities, Inc., formerly known as Penthouse Media Group (CA) Inc. and Penthouse Media Group, Inc. since January 2005.

6.    All financial transactions between West Coast Facilities, Inc., formerly known as Penthouse Media Group (CA) Inc., and Penthouse Media Group, Inc. since January 2005.

7.    Penthouse's continuation of any business conducted by West Coast Facilities, Inc.

8.    All contracts between Penthouse with any supplier of or user of satellite services entered into since January 2006.

9.    All use or intended use, whether direct or indirect, by Penthouse, of satellite services, including, without limitation, services relating to:

a.    Video on Demand delivery;
b.    IPTV delivery;
c.    platform channel launch;
d.    New Frontiers;
e.    The Erotic Network (TEN) Canada;
f.    Rogers Cable;
g.    ExpressVu;
h.    Latin American distribution of Penthouse programming or services;
i.    European distribution of Penthouse programming or services;
j.    Astra;
k.    Hot Bird;
l.    BSkyB; or
m.    Asia-Pacific distribution of Penthouse programming or services...

10.    Delivery of programming content for Penthouse content over satellite, Internet Protocol (IP) Television, public access web based portal, Video On Demand (VOD) platform or other video streaming content delivery method.

INTELSAT USA SALES CORPORATION

By Counsel

David K. Bledsoe
Counsel for Plaintiff Intelsat USA Sales Corporation
Bar Number 422596
300 North Washington Street
Suite 708
Alexandria, VA  22314
703-379-9424
703-684-1851(fax)
bledsoelaw@earthlink.net

**CERTIFICATE OF SERVICE**

I certify that on April 11, 2008, a copy of the foregoing was served by email and US mail upon:

Brendan J. McMurrer, Esq.
Sidley Austin LLP
1501 K Street, NW
Washington, DC 20005

David I. Bledsoe
Counsel for Intervenor-Plaintiff Intelsat General
Corporation
Bar Number 29826
300 North Washington Street
Suite 708
Alexandria, VA  22314
703-379-9424
703-684-1851(fax)
bledsoelaw@earthlink.net

**DAVID I. BLEDSOE**
ATTORNEY AT LAW
300 NORTH WASHINGTON STREET
SUITE 708
ALEXANDRIA, VIRGINIA 22314
TELEPHONE (703) 379-9424
FACSIMILE (703) 684-1851

EMAIL: BLEDSOELAW@EARTHLINK.NET

ADMITTED IN VIRGINIA,
MARYLAND AND D.C.

April 17, 2008

**By E-mail**
Ira P. Rothken, Esq.
ROTHKEN LAW FIRM LLP
3 Hamilton Landing, Suite 280
Novato, CA 94949

   Re: Intelsat v. Penthouse

Dear Ira:

   In response to your email of yesterday, let me attempt to briefly respond to your several points.

1. I have no problem stipulating to the protective order covering third parties' documents and depositions as well. I can draft some language if you like.

2. As to the date and place of the previously noticed depositions of PMGI and PMGI(CA), again, as I previously discussed with Brendan McMurrer, I am amenable to accommodating his schedule or yours and your clients'. Please give me alternative dates for those depositions.

3. With regard to the extension of discovery, as you know, we have previously agreed upon a 30 day extension only about 2 weeks ago. Mr. McMurrer made no indication that anything more than that was necessary. I understand that you have only recently entered the case, but I am sure that you understand that that is due to your client's delay, not mine. If you want to seek an additional 45-day extension on discovery for this reason, we will not oppose your motion.

4. We will agree to a one week's extension on the due date for responses to document requests for both parties' pending requests without the need for any court or action. If the discovery deadline is extended, we would certainly consider another mutual extension.

As we discussed, documents were produced to Mr. McMurrer yesterday as the requests for production had provided.  Unfortunately, I am in arbitration much of next week, but I will be sporadically checking emails if you need to confer further.

Sincerely,

David I. Bledsoe

cc: Stephen A. Chernow, Esq.
    Brendan McMurrer, Esq.

**From:**   Ira P. Rothken
**To:**   bledsoelaw@earthlink.net; Brendan McMurrer
**Cc:**   Stephen Chernow; Jared R Smith; ira@techfirm.com
**Date:**   4/18/2008 3:26:02 AM
**Subject:** RE: IntelSat/West Coast Meet and Confer

---

David,

Thank you for your concise letter referenced below and we appreciate your courtesy in working out these case management issues with us as we have just gotten into the case.

In response I will try to be concise:

1.   Please provide us with a revised draft protective order to cover third party subpoenas;
2.   The location of the depositions will likely be Mountain View, California and the third week in May – we will give you precise days shortly.
3.   Regarding 45 days continuance of the existing discovery deadline and schedule I will have my office draft a stipulation where we will explain that it is at our request and thus we can file it as a joint motion and provide a proposed Order and it can be ruled upon with greater efficiency;
4.   We accept the one week extension to respond to documents request that were due on April 21st which shall now be due on April 28th. Let us confer next week on the phone on discerning where our disagreement is on the scope particularly as it relates to discovery regarding other entities and allegations not spelled out in the complaint. We also construed this to mean that the two subpoena document production dates are extended by one week as well – although we expect that PMGI need not respond until the revised protective order is in place – please advise on Friday if you believe otherwise. You did put some language that you would like one additional week to respond to document requests but given that you already responded I am not sure that means in this context so please explain. I do know that another set response is due from plaintiff in the future but we must be careful that your response is not provided too close to or beyond the existing discovery deadline (if such deadline is extended then such point is less important). Please clarify.
5.   We are in the processing of reviewing your recent document production and do note that it appears as though we will need to meet and confer on such production and responses as well.

      We will provide the stipulation to you for review and signature stated above in the next few days to continue the dates Ordered by the Judge and if you have any questions or other issues that we did not address please advise.


      Ira P. Rothken
      ira@techfirm.com
      415-924-4250

---

**From:** David Bledsoe [mailto:bledsoelaw@earthlink.net]
**Sent:** Thursday, April 17, 2008 2:07 PM
**To:** Ira P. Rothken; Brendan McMurrer
**Cc:** Stephen Chernow

**DAVID I. BLEDSOE**
ATTORNEY AT LAW
800 NORTH WASHINGTON STREET
SUITE 708
ALEXANDRIA, VIRGINIA 22314
TELEPHONE (703) 379-9424
FACSIMILE (703) 684-1851

EMAIL: BLEDSOELAW@EARTHLINK.NET

ADMITTED IN VIRGINIA,
MARYLAND AND D.C.

May 29, 2008

**By E-mail**
Ira P. Rothken, Esq.
ROTHKEN LAW FIRM LLP
3 Hamilton Landing, Suite 280
Novato, CA 94949

Re: Intelsat v. Penthouse

Dear Ira:

This letter will confirm our conversation yesterday regarding your concerns about Intelsat's response to document production.

With regard to most of your objectionable requests, you have requested information about every single satellite in the Intelsat fleet. While I understand the purpose of these overbroad requests, they are not reasonably calculated to lead to the discovery of admissible evidence. For example, numerous requests are not limited to the satellite at issue nor to the time frame at issue. The repeated use in your requests of the phrase "or its functional equivalent," while vague, would in theory require virtually every document in Intelsat's possession dealing with 53 different satellites, none of which are relevant to the issues and claims here.

Second, as I discussed, the fact that your client breached the contract so early in the contract's term dictates that there aren't a lot of documents that have been generated relevant to this dispute. Moreover, with regard to numerous requests concerning our efforts to "resell" the space your client has contracted for, as I explained, due to the manner in which this unique service is sold by my client and the customer-driven demand, there simply aren't going to be any documents detailing specific efforts to resell the specific space that your client has contracted for. We will be able to show that at all relevant times additional unoccupied bandwidth space exists on the satellite in question, in excess of the space Penthouse has contracted for.

As I discussed yesterday, we are certainly amenable to providing relevant documents dealing with the satellite at issue and the timeframe at issue, and the availability of bandwidth space on that satellite in excess of that contracted by your client. As I mentioned to you yesterday, we are collecting documents showing available bandwidth on the satellite at issue.

To address your specific concerns, I have attempted to address each set of requests and your noted concerns below.

<u>First Set of Document Requests</u>

We have already produced responsive documents related to these requests. With regard to Request No. 5, most of these documents, to the extent that they exist, were created in anticipation of litigation and will be identified in our privilege log. I don't believe that there are any documents responsive to Request No. 6; if there are, they have been produced in the emails between the parties. With regard to Requests No. 7 or No. 8, there are no specific documents from or to customers seeking to utilize the specific bandwidth space contracted for by your client; to accept the phrase "or its functional equivalent" in these requests would require the production of every customer contact or communication that Intelsat has had with over a thousand customers in the last three years. With regard to Request No. 9, the only damages document I am aware of at this time is the contract, which specifies a term and payments. I will inquire again from my client for additional documents.

<u>Second Set of Document Requests</u>

Again, we will be providing responsive documents that relate to the satellite at issue. Thus, to the extent they exist, we will produce documents that relate to the satellite in question and are responsive to Requests No. 1, 2, 4, and 5. We stand on our objection to Request No. 6; this request is clearly improper. With regard to Request No. 3, I have already outlined our response above.

<u>Third Set of Document Requests</u>
As noted in our objections, this request is completely overbroad and vague. Intelsat has literally thousands of transponders, 99% of which have nothing to do with this case. We will provide, to the extent we understand the request, documents that relate to the transponders related to this contract and would potentially affect Intelsat's ability to perform its obligations under the contract.

I will provide a privilege log by Monday.

As I mentioned, the depositions I previously noticed did not take place at your request. I need new dates and a location; please provide as soon as possible. I am drafting an additional letter dealing with deficiencies in your discovery responses.

Sincerely,

David I. Bledsoe

cc: Stephen A. Chernow, Esq.

**DAVID I. BLEDSOE**
ATTORNEY AT LAW
300 NORTH WASHINGTON STREET
SUITE 708
ALEXANDRIA, VIRGINIA 22314
TELEPHONE (703) 379-9424
FACSIMILE (703) 684-1851

ADMITTED IN VIRGINIA,
MARYLAND AND D.C.

EMAIL: BLEDSOELAW@EARTHLINK.NET

June 16, 2008

**By E-mail**
Ira P. Rothken, Esq.
ROTHKEN LAW FIRM LLP
3 Hamilton Landing, Suite 280
Novato, CA 94949

Re: Intelsat v. Penthouse

Dear Ira:

This letter will address concerns I have with your clients' responses to discovery.

Based upon the manner in which responses have been drafted, it is difficult to determine what documents have been withheld. I have not seen a privilege log produced by your clients yet, which further exacerbates the situation. I need to know whether you are withholding documents on the basis of objections or otherwise with regard to all discovery requests propounded.

Particular areas of concern are below.

West Coast's Response to First Set of Interrogatories

Interrogatory No. 4: Despite the request, there are no documents identified as responsive to the interrogatory. Please do so.

Interrogatory No. 9: It is difficult to understand the objection. This is clearly discoverable information, and should not be controversial.

Interrogatory No. 12: As per above , this interrogatory should be answered.

West Coast's Response to First Set of Document Requests

West Coast's responses are deficient.

Request No. 1: Have documents been withheld that are responsive to this Request, and if so on what basis?

Request No. 2: Have documents been withheld that are responsive to this Request, and if so on what basis?

Request No. 3: I have seen no documents responsive to this request.

Request No. 4: The objection is not well founded. This is of direct relevance to the case, and should be produced.

Request No. 5: Have documents been withheld that are responsive to this Request, and if so on what basis?

Request No. 6. I have seen no documents at all that relate to your client's corporate existence.

### West Coast's Response to Second Set of Document Requests

Request No. 1: Defendant's capitalization is relevant to its decision to breach the contract. Please provide such documents.

### PMGI's Response to Subpoena

PMGI has produced no documents in response to the subpoena served on it.

### West Coast's Response to 30(b)(6) Notice

Topic No. 4 requests a deponent to testify concerning the capitalization of defendant. Clearly, this is relevant to the issue of defendant's repudiation of the contract. We seek a deponent on this subject.

As I mentioned, the depositions I previously noticed did not take place at your request. Despite numerous requests for a new date, no new dates have been offered or person(s) identified. These depositions need to take place next week. Please advise at once if you will produce anyone and when; otherwise, I will move to compel.

If you wish to take a deposition of Intelsat under Rule 30(b)(6), I will need a notice of areas of inquiry to begin the search for persons who can testify.

Please let me know whether a motion to compel these answers and documents will be needed.

Our additional documents will be hand-delivered to Mr. McMurrer tomorrow morning; there was a problem with the Bates numbering.

Sincerely,

David I. Bledsoe

cc: Stephen A. Chernow, Esq.
    Brendan McMurrer, Esq.

**From:** David Bledsoe
**To:** Ira P. Rothken; Brendan McMurrer
**Cc:** Stephen Chernow
**Date:** 6/25/2008 10:11:17 AM
**Subject:** Intelsat v. Penthouse

I've received no response to my repeated requests for deposition dates for the two previously noticed depositions, which needed to take place this week, nor any response to my letter regarding discovery deficiencies. Let me know what time today you are available to discuss the necessary next steps.

David Bledsoe
bledsoelaw@earthlink.net
300 North Washington Street
Suite 700
Alexandria VA 22314
703.379.9424
703.684.1851 (fax)
NOTICE: This message (including any attachments) may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by reply email. Thank You.

**From:**   David Bledsoe
**To:**     Ira P. Rothken
**Date:**   7/16/2008 3:28:47 PM
**Subject:** Re: Depositions

---

I'm presuming by your request to start Intelsat's at 1 pm that you intend to finish by 5 pm. Otherwise, we should start earlier. The 31st is a Thursday, I believe, not a Friday, and I started that error.

For my depositions, there are two entities being deposed, and therefore I need two days to take them to ensure I get through. I would like to start at 10 am, please.

I think I would want to brief the issues before presenting them to the judge, and I am open to suggestions.


David Bledsoe
bledsoelaw@earthlink.net
300 North Washington Street
Suite 700
Alexandria VA 22314
703.379.9424
703.684.1851 (fax)
NOTICE: This message (including any attachments) may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by reply email. Thank You.


----- Original Message -----
**From:** Ira P. Rothken
**To:** bledsoelaw@earthlink.net;BMcMurre@Sidley.com
**Cc:** Stephen.Chernow@intelsat.com; ira@techfirm.com; jared@techfirm.com
**Sent:** 7/16/2008 3:20:26 PM
**Subject:** Re: Depositions

David,

Friday July 31st will work - where is the Intelsat witness located? If in the DC area then we will hold it at Sidley's DC office starting at 1 pm est.

July 24th will work in Mountain View, CA for both entities at Fenwick starting at 11 am pst.

Related to the above - don't you think it would be prudent for us to have the Judge weigh in on the objections ahead of time to have judicial efficiency and to avoid the risk of multiple trips?

Ira


----- Original Message -----
From: David Bledsoe <bledsoelaw@earthlink.net>
To: Ira P. Rothken; Brendan McMurrer <BMcMurre@Sidley.com>
Cc: Stephen Chernow <Stephen.Chernow@intelsat.com>
Sent: Mon Jul 14 11:36:12 2008
Subject: Depositions

Our deposition designee will be Kurt Riegleman, and he is available either Thursday July30 or Friday July 31.  I would like to take West Coast Facilities' deposition on the 24th and PMGI on the 25th.  Please let me know which deposition date works for you for Intelsat, and the address you suggest for the West Coast depositions.

David Bledsoe
bledsoelaw@earthlink.net
300 North Washington Street
Suite 700
Alexandria VA 22314
703.379.9424
703.684.1851 (fax)

NOTICE: This message (including any attachments) may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by reply email. Thank You.

**From:** David Bledsoe
**To:** McMurrer, Brendan J.
**Cc:** Ira P. Rothken; jared@techfirm.com; Stephen Chernow
**Date:** 7/21/2008 10:59:50 AM
**Subject:** RE: Intelsat v. West Coast, 07-1443 (D.D.C.)

---

Brendan, these public filings are certainly relevant, but I have yet to see corporate minutes, bylaws, articles of incorporation, board of directors' minutes, and many other routine and non-controversial corporate documents that you have objected to producing.

As to the topics for the 30b6 depositions, I will not be pursuing testimony in topics 9 and 10 in the West Coast deposition, or topics 5, 6, 9 and 10 in the PMGI deposition at this time. Given the documents produced by your client, all other topics are clearly germane to the decision to enter into and breach the contract, which appears to have been made by PMGI executives at every step.

My witness really has no time available between now and 8/15 other than the two dates offered already (7/30 and 7/31). Given his busy schedule, it appears unlikely that we are going to be able to take the PMGI depositions first as originally agreed. I would ask you to pick one of those dates as soon as possible so that we can free his other day up, by COB today if possible. I am looking for dates the following week from you for PMGI and West Coast.

David Bledsoe
bledsoelaw@earthlink.net
300 North Washington Street
Suite 700
Alexandria VA 22314
703.379.9424
703.684.1851 (fax)
NOTICE: This message (including any attachments) may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by reply email. Thank You.

----- Original Message -----
**From:** McMurrer, Brendan J.
**To:** David Bledsoe
**Cc:** Ira P. Rothken; jared@techfirm.com
**Sent:** 7/18/2008 2:58:54 PM
**Subject:** Intelsat v. West Coast, 07-1443 (D.D.C.)

David -

To follow up on our meet and confer this afternoon and in hopes that we can continue the dialogue and narrow the scope of the disputes that will be put before the court, attached are documents that identify the officers and directors and otherwise provide information with respect to the corporate structure of West Coast Facilities Inc.

Please advise in writing which of the deposition topics for both West Coast and PMGI you are willing to withdraw or narrow so that we may avoid unnecessary briefing and argument before the court regarding our upcoming motion for protective order.

--Brendan

---

**Brendan J. McMurrer** | Sidley Austin LLP
1501 K Street, NW | Washington, DC 20005
direct: 202.736.8135 | fax: 202.736.8711

<<West Coast Facilities.pdf>>

```
Sidley Austin LLP mail server made the following annotations on 07/18/08, 13:58:49:
-------------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you
that, unless expressly stated otherwise, any U.S. federal tax advice contained in this
communication, including attachments, was not intended or written to be used, and cannot be
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such
taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred
to by other parties in promoting, marketing or recommending any partnership or other entity,
investment plan or arrangement, then (i) the advice should be construed as written in connection
with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this
communication and (ii) the taxpayer should seek advice based on the taxpayer's particular
circumstances from an independent tax advisor.

***********************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

***********************************************************************************************
```

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| ) | |
| INTELSAT USA SALES CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-1443 (RMC) |
| v. ) | |
| ) | |
| WEST COAST FACILITIES INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**NOTICE OF DEPOSITION OF PLAINTIFF INTELSAT USA SALES CORPORATION**
**PURSUANT TO F.R.Civ.P. Sec. 30(b)(6) BY WEST COAST FACILITIES INC.**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to F.R.Civ.P. Sec. 30(b)(6), defendant West Coast Facilities Inc. ("West Coast"), by and through counsel, will take the deposition of plaintiff Intelsat USA Sales Corporation's ("Intelsat") by the person most knowledgeable on the subjects identified in Exhibit A, on oral examination to be held at the office of SIDLEY AUSTIN LLP, 1501 K Street, N.W. Washington, D.C. 20005, Phone: (202) 736-8000. The deposition will be conducted on July 7, 2008 at 10:00 a.m. local time before an officer qualified to administer oaths under the Federal Rules of Civil Procedure, who is not a relative or employee or attorney or counsel of any of the parties, or a relative or employee of such attorney or counsel, or financially interested in the action; and will be recorded by stenographic recording, including real time reporting, and may be recorded by audiotape and videotape.

If said deposition is not completed at said date, the taking thereof will continue from day to day thereafter, at the same place, with Sundays and holidays excepted, until completed.

Deponent shall designate and produce a person or persons to testify on behalf of deponent on the topics set forth in Exhibit A, attached hereto.

Dated: June 26, 2008                    ROTHKEN LAW FIRM LLP

                                        _____
                                        Ira P. Rothken, Esq.,
                                        Attorney for Defendant West Coast Facilities Inc.

                                        3 Hamilton Landing, Suite 280
                                        Novato, CA  94949
                                        Telephone:     (415) 924-4250
                                        Facsimile:     (415) 924-2905

                                        Brendan J. McMurrer (DC Bar # 493424)
                                        SIDLEY AUSTIN LLP
                                        1501 K Street, N.W.
                                        Washington, D.C.  20005
                                        Phone:  (202) 736-8000
                                        Fax:      (202) 736-8711
                                        Email:   bmcmurrer@sidley.com

## EXHIBIT A

1.     The negotiation, drafting and execution of contracts at issue in this matter and related communications and representations.

2.     The ability or lack thereof of Intelsat to perform the alleged contract with West Coast including but not limited to services availability and capacity and technical ability, continuity, coverage, volume, geography, and operations.

3.     The extent and quantification of IntelStat's alleged damages or monies owed in this case including those allegedly arising out of the contracts at issue in this matter.

4.     Any effort by Intelsat or those acting on its behalf to mitigate any alleged damages or injury or overhead costs and fees.

5.     All rights, including, but not limited to, intellectual property rights and licenses with third parties necessary for Intelsat to provide and fulfill the satellite service described in the contracts at issue in this matter.

6.     Any and all cease and desist letters or their functional equivalent that relate in whole or in part to the satellite services described in the contracts at issue in this matter.

7.      The availability of transponders  for Intelsat to perform under the alleged contract and their use description, ownership, functionality, working condition, occupancy, capacity, coverage, and maintenance.

8.     The locating, retrieving, producing and authentication of documents and information produced by deponent in this case, including (without limitation) deponent's Fed.R.Civ.P. Rule 26 disclosures and documents and information produced in response to written discovery requests in this case.

9.     Plaintiff's relationship, dealings, agreements, disputes and communications with the defendant in this case.

10.     Intelsat's efforts to lease or provide to persons or entities other than West Coast the satellite services or capacity described in the contracts at issue in this matter

or its functional equivalent

11.    Any allegation or communication by third parties that Intelsat was in violation of any law, rule, regulation, treaty, or third party rights regarding any part of the satellite services described in the contracts at issue in this matter or its functional equivalent including, but not limited to, third party patent rights, licenses, and government regulations that would in any manner impact its ability to perform under the alleged contract with West Coast.

12.    Any impairment, defects, repairs, capacity issues, or complaints regarding any part of the satellite services described in the contracts at issue in this matter or its functional equivalent that would impact in any manner the providing of satellite services to West Coast .

13.    Inquiries and related communications with persons or entities other than West Coast to utilize the satellite services described in the contracts at issue in this matter or its functional equivalent including but not limited to entering into agreements to utilize the service capacity allegedly allocated to West Coast.

14.    Any overhead and all other costs and fees incurred by plaintiff related to the contract alleged in the complaint or allegedly providing. allocating, or making available satellite and related services to West Coast.

15.    Any and all agreements with third parties necessary for the providing of services to West Coast under the alleged contract and any and all related costs and fees associated with such agreements.

16.    Any and all factual allegations made in the complaint(s) on file herein and the decision to file such complaint(s).

17.    Any and all work done or performance implemented or burdens incurred if any by plaintiff or those acting on its behalf related to the alleged contract with West Coast or related obligations.

18.    Identification of any and all witnesses and their knowledge of any of the allegations in the complaint(s) on file herein and related facts.

19. Intelsat's compliance or lack thereof with warranties and representations made in the contracts alleged in the complaint(s) on file herein.

20. Any and all complaints by third parties regarding Intelsat's failure to provide satellite services in whole or in part or breach of a satellite services agreement from one year prior to the contract formation alleged in the complaint(s) through the alleged term of such contract(s).

21. Any and all costs and fees actually incurred by Intelsat caused by the alleged breach of West Coast.

22. Any and all content and representations made in marketing and technical information and data provided by Intelsat and/or its agents on the web, in brochures, and elsewhere related to the types of services and agreements alleged in the complaint(s) or contemplated by alleged contract(s).

23. Any and all communications and facts related to any alleged repudiation, breach, and/or termination of the contracts alleged in the complaint(s).

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 27, 2008, a copy of the foregoing document

was served upon the following by electronic mail, facsimile and first-class mail:

David I. Bledsoe, Esq.
300 North Washington Street, Suite 708
Alexandria, VA  22314
Tel: (703) 379-9424
Fax: (703) 684-1851
bledsoelaw@earthlink.net

_____
Jared R. Smith (CA Bar # 130343)
ROTHKEN LAW FIRM LLP
3 Hamilton Landing, Suite 280
Novato, CA  94949
Telephone:    (415) 924-4250
Facsimile:    (415) 924-2905

**DAVID I. BLEDSOE**
ATTORNEY AT LAW
800 NORTH WASHINGTON STREET
SUITE 708
ALEXANDRIA, VIRGINIA 22314
TELEPHONE (703) 379-9424
FACSIMILE (703) 684-1851

ADMITTED IN VIRGINIA,
MARYLAND AND D.C.

EMAIL: BLEDSOELAW@EARTHLINK.NET

June 27, 2008

**BY E-MAIL**
Ira P. Rothken, Esq.
ROTHKEN LAW FIRM LLP
3 Hamilton Landing, Suite 280
Novato, CA 94949

Re: <u>Intelsat v. Penthouse</u>

Dear Ira:

This letter will confirm our conversation yesterday. On June 16, I wrote you a letter outlining our concerns with deficiencies in your clients' responses to discovery.

Having had no response to my letter, I emailed you on June 25 asking for a meet and confer conference, which took place yesterday afternoon. In that conference, you represented that I will be receiving a privilege log by July 3. Other than that representation, no one representing West Coast was able to address any of our concerns in anything but the most general fashion. Thus, we are unaware if you are going to supplement your discovery responses or not. This defeats the intended purpose of our having the meet and confer.

In that discussion, we discussed at length the fact that at your request the two noticed depositions of your client did not take place as scheduled; that I had repeatedly asked for new dates; that there had never been any response to those requests; and that I had indicated the depositions had to be completed by this week. You also repeatedly advised of your unavailability all of next week.

As I noted in my email to Mr. Smith, I was surprised this morning to receive a 30(b)(6) notice for my client for a July 7, 2008 deposition, chosen with disregard to the lengthy conversation yesterday or to my availability or my client's, blandly asking whether there were any "scheduling issues" regarding that notice. The scheduling issues discussed at length yesterday include:

1.    Your unavailability between now and the close of discovery;
2.    My unavailability between now and the close of discovery;
3.    My repeated requests that the two depositions of your clients that I had previously noticed over two months ago, which did not take place at your request at the times noticed, take place no later than this week, and your repeated failures to provide either dates or designees;

4.    The fact that the noticing of a deposition this morning does not constitute the reasonable notice required under the rules.

Your attempt to blame this late notice on Intelsat's document production is absurd. Your email indicates that the deposition notice had no nexus with the document production, in that the "categories are not new or surprising to you and your client as they have been the focus of meet and confers over the past couple of months," i.e., the notice could have been served two months ago, rather than with five business days' notice. Equally ludicrous is the charge that we are "trying to run out the clock." I have been actively trying to get documents from Penthouse and depositions of your clients for over two months without success.

Obviously, we won't be appearing on July 7 for this deposition.

Given the discovery deficiencies in interrogatories, documents and depositions from defendant, I am clearly going to have to continue to attempt to receive discovery past the cutoff.

I am willing to stipulate to a final 30-day extension of discovery on the following conditions:

1.   By close of business Monday, June 30, I receive from you a list of deposition designees with several dates of availability for the depositions I noticed in May.
2.   By close of business Monday, June 30, I receive from you a response as to which categories outlined in my June 16 letter you are going to be supplementing.
3.   By close of business, Thursday, July 3, I receive the PMGI documents that were subpoenaed in May.
4.   Both the deposition of West Coast and Penthouse will take place prior to the deposition of Intelsat, as they were previously noticed.

If these conditions are acceptable, let me know. Otherwise, I suggest we each proceed to take whatever measures we deem necessary to get discovery in this case. Even with agreement on this, I think we need to alert the judge that there are going to be discovery issues that need resolving in the near future.

Sincerely,

David I. Bledsoe

cc: Stephen A. Chernow, Esq.
    Brendan McMurrer, Esq.



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | LOS ANGELES |
| 1501 K STREET, N.W. | BRUSSELS | NEW YORK |
| WASHINGTON, D.C. 20005 | CHICAGO | SAN FRANCISCO |
| (202) 736 8000 | DALLAS | SHANGHAI |
| (202) 736 8711 FAX | FRANKFURT | SINGAPORE |
| | GENEVA | SYDNEY |
| | HONG KONG | TOKYO |
| | LONDON | WASHINGTON, D.C. |

bmcmurrer@sidley.com
(202) 736-8135                                    FOUNDED 1866

June 30, 2008

**By Email**

David I. Bledsoe, Esq.
300 North Washington Street
Suite 708
Alexandria, VA 22314

Re:    *Intelsat USA Sales Corp. v. West Coast Facilities Inc.*, 07-1443 (D.D.C.)

Dear David:

This letter is in response to your letter of June 27, 2008 and satisfies the conditions specified therein. Please advise when you are available for a call with the Judge to jointly request an extension of discovery until August 15, 2008. We agree that the Judge should be alerted to the potential for future discovery disputes and suggest that on the call we also jointly request the appointment of a Magistrate Judge to handle such issues. Please advise whether you consent to this approach. Further, per our agreement, please provide a list of deposition designees with several dates of availability for the deposition of Intelsat as noticed on June 27, 2008.

**1.    List of Designees and Proposed Dates for Depositions**

Subject to its prior objections and any motion to quash or for a protective order, West Coast designates Anthony Previte to be deposed in response to Intelsat's April 11, 2008 Notice of 30(b)(6) Deposition of West Coast Facilities Inc. West Coast offers to make Mr. Previte available on July 24 or 25, beginning at 10:00 am, at Fenwick & West LLP, 801 California Street, Mountain View, CA 94041.

Subject to its prior objections and any motion to quash or for a protective order, Penthouse Media Group Inc. designates Anthony Previte to be deposed in response to Intelsat's April 11, 2008 Notice of 30(b)(6) Deposition of Penthouse Media Group Inc. Penthouse Media Group Inc. offers to make Mr. Previte available on July 24 or 25, beginning at 10:00 am, at Fenwick & West LLP, 801 California Street, Mountain View, CA 94041.

**SIDLEY**
SIDLEY AUSTIN LLP

David I. Bledsoe, Esq.
June 30, 2008
Page 2

**2.**     **Response to June 16 Letter**

    **A.**     **West Coast's Response to Intelsat's First Set of Interrogatories**

        **Interrogatory No. 4:** The identity of the communications between the parties with respect to the contract at issue may be determined by examining West Coast's business records and the burden of ascertaining such information will be substantially the same for either party. Accordingly, pursuant to Federal Rule of Civil Procedure 33(d), West Coast refers Intelsat to the documents that were produced by West Coast on March 27, 2008.

        **Interrogatory No. 9:** West Coast stands by its objection that the identity of all of the officers and directors of Penthouse Media Group (CA) Inc. is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection and West Coast's prior objections, West Coast identifies Jim English as a former officer of Penthouse Media Group (CA) Inc. who had substantial knowledge of the allegations in the Complaint and Answer prior to his departure from Penthouse Media Group (CA) Inc.

        **Interrogatory No. 12:** West Coast stands by its objection that the identity of all of the officers and directors of West Coast Facilities Inc. is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection and West Coast's prior objections, for the period after December 22, 2006, West Coast identifies Anthony Previte as a current officer of West Coast Facilities Inc. who has substantial knowledge of the allegations in the Complaint and Answer.

    **B.**     **West Coast's Response to Intelsat's First Set of Document Requests**

        **Request No. 1:** West Coast has not withheld non-privileged documents responsive to this request that are relevant to the allegations in the Complaint and Answer.

        **Request No. 2:** West Coast has not withheld non-privileged documents responsive to this request that are relevant to the allegations in the Complaint and Answer.

        **Request No. 3:** West Coast has not withheld non-privileged documents responsive to this request.

        **Request No. 4:** West Coast stands by its objection that documents concerning West Coast's use or anticipated use of satellite services other than those provided by Intelsat, if any, are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. West Coast has not withheld non-privileged documents responsive to this request that are relevant to West Coast's use or anticipated use of satellite services provided by Intelsat.



David I. Bledsoe, Esq.
June 30, 2008
Page 3

**Request No. 5:** West Coast has not withheld non-privileged documents responsive to this request that are relevant to the allegations in the Complaint and Answer.

**Request No. 6:** West Coast stands by its objection that documents concerning the "corporate structure of defendant, including . . . articles of incorporation, bylaws, minutes of meetings, lists of officers and directors, and other corporate documents" are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. West Coast has not withheld non-privileged documents responsive to this request that are relevant to the allegations in the Complaint and Answer.

    **C.**    **West Coast's Response to Intelsat's Second Set of Document Requests**

**Request No. 1:** West Coast stands by its objection that documents concerning its capitalization are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the allegations in the Complaint and Answer.

**3.**    **Documents Requested by Subpoena to Penthouse Media Group Inc.**

In response to Intelsat's April 11, 2008 Subpoena to Penthouse Media Group Inc., PMGI stands by its objections to Requests Nos. 1-4 and 6-8. In response to Request No. 5, no non-privileged documents have been withheld that are relevant to the allegations in the Complaint and Answer and that have not already been produced by West Coast.

**4.**    **Timing of Depositions**

Subject to any motion to quash or for a protective order, Intelsat's depositions of West Coast and PMGI can be scheduled prior to West Coast's deposition of Intelsat.


          Sincerely,

          Brendan J. McMurrer


cc:    Ira P. Rothken, Esq.

**From:**    David Bledsoe
**To:**      Ira P. Rothken
**Date:**    7/16/2008 3:28:47 PM
**Subject:** Re: Depositions

---

I'm presuming by your request to start Intelsat's at 1 pm that you intend to finish by 5 pm. Otherwise, we should start earlier. The 31st is a Thursday, I believe, not a Friday, and I started that error.

For my depositions, there are two entities being deposed, and therefore I need two days to take them to ensure I get through. I would like to start at 10 am, please.

I think I would want to brief the issues before presenting them to the judge, and I am open to suggestions.

David Bledsoe
bledsoelaw@earthlink.net
300 North Washington Street
Suite 700
Alexandria VA 22314
703.379.9424
703.684.1851 (fax)
NOTICE: This message (including any attachments) may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by reply email. Thank You.

----- Original Message -----
**From:** Ira P. Rothken
**To:** bledsoelaw@earthlink.net;BMcMurre@Sidley.com
**Cc:** Stephen.Chernow@intelsat.com; ira@techfirm.com; jared@techfirm.com
**Sent:** 7/16/2008 3:20:26 PM
**Subject:** Re: Depositions

David,

Friday July 31st will work - where is the Intelsat witness located? If in the DC area then we will hold it at Sidley's DC office starting at 1 pm est.

July 24th will work in Mountain View, CA for both entities at Fenwick starting at 11 am pst.

Related to the above - don't you think it would be prudent for us to have the Judge weigh in on the objections ahead of time to have judicial efficiency and to avoid the risk of multiple trips?

Ira

----- Original Message -----
From: David Bledsoe <bledsoelaw@earthlink.net>
To: Ira P. Rothken; Brendan McMurrer <BMcMurre@Sidley.com>
Cc: Stephen Chernow <Stephen.Chernow@intelsat.com>
Sent: Mon Jul 14 11:36:12 2008
Subject: Depositions

Our deposition designee will be Kurt Riegleman, and he is available either Thursday July30 or Friday July 31. I would like to take West Coast Facilities' deposition on the 24th and PMGI on the 25th. Please let me know which deposition date works for you for Intelsat, and the address you suggest for the West Coast depositions.

David Bledsoe
bledsoelaw@earthlink.net
300 North Washington Street
Suite 700
Alexandria VA 22314
703.379.9424
703.684.1851 (fax)
NOTICE: This message (including any attachments) may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by reply email. Thank You.

**From:** David Bledsoe
**To:** McMurrer, Brendan J.
**Cc:** Ira P. Rothken; jared@techfirm.com; Stephen Chernow
**Date:** 7/21/2008 10:59:50 AM
**Subject:** RE: Intelsat v. West Coast, 07-1443 (D.D.C.)

---

Brendan, these public filings are certainly relevant, but I have yet to see corporate minutes, bylaws, articles of incorporation, board of directors' minutes, and many other routine and non-controversial corporate documents that you have objected to producing.

As to the topics for the 30b6 depositions, I will not be pursuing testimony in topics 9 and 10 in the West Coast deposition, or topics 5, 6, 9 and 10 in the PMGI deposition at this time. Given the documents produced by your client, all other topics are clearly germane to the decision to enter into and breach the contract, which appears to have been made by PMGI executives at every step.

My witness really has no time available between now and 8/15 other than the two dates offered already (7/30 and 7/31). Given his busy schedule, it appears unlikely that we are going to be able to take the PMGI depositions first as originally agreed. I would ask you to pick one of those dates as soon as possible so that we can free his other day up, by COB today if possible. I am looking for dates the following week from you for PMGI and West Coast.

David Bledsoe
bledsoelaw@earthlink.net
300 North Washington Street
Suite 700
Alexandria VA 22314
703.379.9424
703.684.1851 (fax)
NOTICE: This message (including any attachments) may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by reply email. Thank You.


----- Original Message -----
**From:** McMurrer, Brendan J.
**To:** David Bledsoe
**Cc:** Ira P. Rothken; jared@techfirm.com
**Sent:** 7/18/2008 2:58:54 PM
**Subject:** Intelsat v. West Coast, 07-1443 (D.D.C.)

David -

To follow up on our meet and confer this afternoon and in hopes that we can continue the dialogue and narrow the scope of the disputes that will be put before the court, attached are documents that identify the officers and directors and otherwise provide information with respect to the corporate structure of West Coast Facilities Inc.

Please advise in writing which of the deposition topics for both West Coast and PMGI you are willing to withdraw or narrow so that we may avoid unnecessary briefing and argument before the court regarding our upcoming motion for protective order.

--Brendan

_____

**Brendan J. McMurrer** | Sidley Austin LLP
1501 K Street, NW | Washington, DC 20005
direct: 202.736.8135 | fax: 202.736.8711

<<West Coast Facilities.pdf>>

```
Sidley Austin LLP mail server made the following annotations on 07/18/08, 13:58:49:
------------------------------------------------------------------------------------------
IRS Circular 230 Disclosure: To comply with certain U.S. Treasury regulations, we inform you
that, unless expressly stated otherwise, any U.S. federal tax advice contained in this
communication, including attachments, was not intended or written to be used, and cannot be
used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such
taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred
to by other parties in promoting, marketing or recommending any partnership or other entity,
investment plan or arrangement, then (i) the advice should be construed as written in connection
with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this
communication and (ii) the taxpayer should seek advice based on the taxpayer's particular
circumstances from an independent tax advisor.

****************************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.

****************************************************************************************************
```

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

———————————————————

INTELSAT USA SALES CORPORATION,    )
                                       )
        Plaintiff,                   )
                                       )
           v.                      )   Civil Action No. 07-1443 (RMC)
                                       )
WEST COAST FACILITIES INC.,       )
                                       )
        Defendant.          )
———————————————————)

**WEST COAST FACILITIES INC.'S RESPONSE TO
INTELSAT'S NOTICE OF 30(B)(6) DEPOSITION**

West Coast Facilities Inc. ("West Coast"), by and through counsel, hereby submits its response to Intelsat USA Sales Corporation's ("Intelsat") Notice of 30(b)(6) Deposition of Defendant West Coast Facilities Inc. ("Notice").

As an initial matter, West Coast objects to this deposition occurring on May 7, 2008 in Boca Raton, Florida, as provided in the Notice.  Counsel for West Coast expects that this deposition will occur in Mountain View, California, and will work with Counsel for Intelsat to reach a mutually agreeable date and location.

**GENERAL OBJECTIONS**

1.    West Coast objects to the Notice to the extent that it seeks confidential or proprietary business information.  All information provided in response to the Notice is subject to the Stipulated Protective Order entered by the Court in this matter.

2.    West Coast objects to the Notice to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine or any other

applicable privilege.  Any inadvertent disclosure of material protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or exemption is not intended, and should not be construed, to constitute a waiver.

3.     West Coast objects to the Notice to the extent that it seeks information that West Coast has an obligation, whether pursuant to a confidentiality agreement or a similar agreement or an order of a tribunal, not to disclose.

4.     West Coast objects to the Notice to the extent that it purports to impose upon West Coast any obligation not imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the District of Columbia.

5.     West Coast's objections and responses to a specific topic in the Notice do not indicate that West Coast in fact possesses any information regarding such matter.

6.     West Coast objects to the Notice to the extent that it implies the existence of facts or circumstances that do not or did not exist, and to the extent that it states or assumes legal conclusions.  In providing these responses and objections, West Coast does not admit the factual or legal premise of any of the topics listed in the Notice.

7.     West Coast objects to the Notice as premature to the extent that it seeks financial information regarding West Coast Facilities Inc. prior to the entry of a judgment in this matter. Such topics are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at this time.


## RESPONSES TO 30(B)(6) TOPICS

All responses to the Notice are subject to West Coast's General Objections.

1.    The negotiation of the contract at issue between Intelsat and defendant.

**Response to Topic No. 1:**    West Coast will designate a person to testify as to this topic on and at a mutually agreeable date and location.

2.    Defendant's intended use of the services contracted for under the contract with Intelsat.

**Response to Topic No. 2:**    West Coast will designate a person to testify as to this topic on and at a mutually agreeable date and location.

3.    The corporate structure of defendant, including its relationship with parent and subsidiary companies.

**Response to Topic No. 3:**    West Coast will designate a person to testify as to this topic on and at a mutually agreeable date and location.

4.    The capitalization of defendant.

**Response to Topic No. 4:**    West Coast objects to this topic as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the allegations in the Complaint and Answer.

5.    The decision to repudiate the contract at issue and reasons for such repudiation.

**Response to Topic No. 5:**    West Coast will designate a person to testify as to this topic on and at a mutually agreeable date and location.

6.    Corporate officers, directors, and personnel of defendant.

**Response to Topic No. 6:**    West Coast objects to this topic as overbroad and unreasonably burdensome to the extent that there is no limit on the scope or the timeframe of the information being sought.  Subject to this objection, West Coast will designate a person to testify as to this topic on and at a mutually agreeable date and location.

7.    Business conducted by defendant.

**Response to Topic No. 7:**    West Coast objects to this topic as overbroad and unreasonably burdensome to the extent that there is no limit on the scope or the timeframe of the information being sought.  West Coast further objects to this topic as vague to the extent "business" is undefined.  Subject to these objections, West Coast will designate a person to testify as to this topic on and at a mutually agreeable date and location.

8.    Defendant's decision to cease doing business and reasons for such decision.

**Response to Topic No. 8:**    West Coast will designate a person to testify as to this topic on and at a mutually agreeable date and location.

9.    Any transfer of assets, liabilities, contracts, or monies between defendant and Penthouse Media Group, Inc. since January 2005.

**Response to Topic No. 9:**    West Coast objects to this topic as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the allegations in the Complaint and Answer.

10.    Any financial transaction between defendant and Penthouse Media Group, Inc. since January 2005.

**Response to Topic No. 10:**    West Coast objects to this topic as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the allegations in the Complaint and Answer.  West Coast also objects to this topic as vague to the extent that "financial transaction" is undefined.  West Coast further objects to this topic as overbroad and unreasonably burdensome to the extent that it seeks information relating to "[a]ny financial transaction."

Dated:  April 28, 2008               Respectfully submitted,

<u>/s/ Brendan J. McMurrer</u>
Brendan J. McMurrer (DC Bar # 493424)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
Phone:  (202) 736-8000
Fax:     (202) 736-8711
Email:   bmcmurrer@sidley.com

Ira P. Rothken (admitted *pro hac vice*)
ROTHKEN LAW FIRM LLP
3 Hamilton Landing, Suite 280
Novato, CA  94949
Phone:  (415) 924-4250
Fax:     (415) 924-2905
Email: ira@techfirm.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 28, 2008, a copy of the foregoing document was served upon the following by electronic mail and first-class mail:

David I. Bledsoe, Esq.
300 North Washington Street
Suite 708
Alexandria, VA  22314
bledsoelaw@earthlink.net

/s/ Brendan J. McMurrer
Brendan J. McMurrer (DC Bar # 493424)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
Phone:  (202) 736-8000
Fax:      (202) 736-8711
Email:   bmcmurrer@sidley.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTELSAT USA SALES CORPORATION,     ) | |
| ) | |
| Plaintiff,     ) | |
| ) | Civil Action No. 07-1443 (RMC/DAR) |
| v.     ) | |
| ) | |
| WEST COAST FACILITIES, INC., formerly known at Penthouse Media Group (CA), Inc.     ) | |
| ) | |
| Defendant.     | |

INTELSAT USA SALES CORPORATION,

        Plaintiff,

        v.

WEST COAST FACILITIES, INC.,
formerly known at Penthouse Media
Group (CA), Inc.

        Defendant.

Civil Action No. 07-1443 (RMC/DAR)

## <u>ORDER</u>

This matter having come before the Court upon the Motions to Compel and for Protective Order of Defendant West Coast Facilities, Inc., formerly known as Penthouse Media Group (CA), Inc. ("PMGI (CA)"), and it appearing to the Court that such Motions are not well-founded, it is hereby

ORDERED that Defendant's Motions are denied, and it is further

ORDERED that the Defendant shall pay $_____ in attorneys' fees to Plaintiff for the fees necessitated by Defendant's Motion.

Entered this _____ day of _____, 2008.

_____
Judge Deborah A. Robinson
United States Magistrate Judge