**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| INTELSAT USA SALES CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-1443 (RMC/DAR) |
| WEST COAST FACILITIES, INC., formerly known at Penthouse Media Group (CA), Inc. | ) ) ) ) | |
| Defendant. | | |

**PLAINTIFF INTELSAT'S MOTION TO COMPEL**
**AND FOR PROTECTIVE ORDER**

Plaintiff Intelsat USA Sales Corporation, by counsel, pursuant to F.R.Civ. P. 37, moves this Court to compel discovery from Defendant West Coast Facilities, Inc., formerly know as Penthouse Media Group (CA), Inc. ("PMGI (CA)") and its parent Penthouse Media Group, Inc.  A Memorandum in Support is filed herewith.

For the reasons stated therein, Plaintiff Intelsat USA Sales Corporation prays this Court grant its Motion to Compel and Motion for Protective Order, require PMGI(CA) and PMGI to produce its 30(b)(6) witnesses at a time and place convenient for counsel for Intelsat,  and award to Plaintiff its attorneys' fees and costs, and such other relief as to the Court seems proper.

INTELSAT USA SALES CORPORATION
By Counsel



_____/s/_____
David I. Bledsoe
Counsel for Plaintiff Intelsat USA Sales Corporation
Bar Number 422596
300 North Washington Street
Suite 708
Alexandria, VA  22314
703-379-9424
703-684-1851(fax)
bledsoelaw@earthlink.net

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 18, 2008, a copy of the foregoing was served by ECF upon :

Brendan J. McMurrer, Esq.
Sidley Austin LLP
1501 K Street, NW
 Washington, DC 20005

Ira Rothken, Esq.
ROTHKEN LAW FIRM LLP
3 Hamilton Landing, Suite 280
Novato, CA 94949

_____/s/_____
David I. Bledsoe
Counsel for Plaintiff Intelsat USA Sales
Corporation
Bar Number 422596
300 North Washington Street
Suite 708
Alexandria, VA  22314
703-379-9424
703-684-1851(fax)
bledsoelaw@earthlink.net

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTELSAT USA SALES CORPORATION, ) ) ) ) Plaintiff, ) ) v. ) ) WEST COAST FACILITIES, INC., ) formerly known at Penthouse Media ) Group (CA), Inc. ) Defendant. | Civil Action No. 07-1443 (RMC/DAR) |

**PLAINTIFF INTELSAT'S MEMORANDUM**
**IN SUPPORT OF MOTION TO COMPEL AND FOR PROTECTIVE ORDER**

Plaintiff Intelsat USA Sales Corporation, by counsel, pursuant to F.R.Civ. P. 37, .files this Memorandum in Support of its Motion to Compel and for Protective Order. The facts of this case and the history of the discovery in this case have been laid out at length in Intelsat's Memorandum in Opposition to the Motions to Compel and for Protective Order filed today. Intelsat adopts and incorporates herein the recitation of facts and arguments set forth in that Memorandum in Opposition, and the exhibits filed therewith, and moves this Court to compel the depositions of PMGI (CA) and PMGI, sought since April 2008, and the production of all responsive documents from those entities.

**ARGUMENT**

## II.        Depositions of PMGI (CA) and PMGI

As noted at length above, Defendant is in no position to move to compel Intelsat's deposition; it is Defendant who since April has resisted all efforts to have depositions go forward.  Intelsat seeks an order requiring both entities to provide a 30(b)(6) deposition at the corporate headquarters of those entities, in Boca Raton, Florida, and in particular to provide testimony on corporate structure, personnel, officers and directors (Topics 1 and 3 for PMGI, Exhibit B to Opposition; topics 3 and 6 for PMGI (CA), Exhibit A to Opposition; testimony on PMGI (CA)'s capitalization (topic 4, Exhibit A to Opposition); and the business conducted by PMGI (CA) and its reasons for going out of business (topics 7 and 8; Exhibit A to Opposition).  As noted in Intelsat's Memorandum in Opposition, such topics should be non-controversial and are relevant to the case at issue; a deponent should be produced.

## II.        Documents to be Compelled

PMGI was properly served with a Rule 45 subpoena for Documents in April 2008, calling for production by May.  See Exhibit 1 hereto.  PMGI has produced no documents whatsoever in response to that subpoena.  Such documents should be produced.

PMGI (CA) has refused to provide any information documents relating to its corporate structure (Request No. 6 of Intelsat's First Requests); its officers, directors and personnel (Interrogatory Nos. 9 and 12), attached hereto as Exhibit 2; or its capitalization. For the reasons states in Intelsat's Opposition, such documents should be produced and such interrogatories answered.

**III.     Intelsat's Motion For A Protective Order**

For the reasons stated in Intelsat's Opposition to Defendant's Motion to Compel, Intelsat also seeks a concomitant protective order barring PMGI (CA)'s "fishing expedition" into topics and issues having nothing to do with this case.  In particular, Intelsat seeks protection from irrelevant inquiry into satellites, transponders and customers having no relation to this case.  As noted in Intelsat's Opposition, these parties contracted for a specific bandwidth on a specific transponder on a specific satellite.  At all times relevant, there has been excess capacity on that satellite.

Defendant, in an effort to simply adopt a "scorched earth" discovery policy, asks for all materials dealing with any customer and every satellite in Intelsat's vast stable of satellites.  See, e.g, Document Request No. 1 in PMGI(CA)'s Third Request for Production of Documents:

> All documents concerning Plaintiff's transponders and their use,
> description, ownership, availability, functionality, working condition,
> occupancy, capacity, coverage, and maintenance beginning one year prior
> to any written agreement alleged in the Complaint to the present.

Intelsat has in excess of 2000 transponders on some 53 satellites, only one of which is the transponder that the parties contracted for.  Intelsat has already provided all relevant documents relating to G-23.  The Court should recognize this overbroad and harassing request for what it is.  Similarly, with regard to Defendant's First and Second Set of Document Requests, Defendant has requested documents not only concerning G-

23, but every satellite in Intelsat's fleet. [1] Defendant is engaged in a run-of-the-mill fishing expedition, asking for documents and information that have nothing to do with the contract at issue in an effort to make the pursuit of this case economically unfeasible for Intelsat.

Indeed, both PMGI (CA) and PMGI have flatly refused to produce any documents or provide *any* information related to *any* other satellite services or providers that they are using or have communicated with.  See Exhibits J and M to Opposition.  It is simply absurd for Defendant to contend that Intelsat must provide all information concerning its other satellite services and customers to PMGI, but PMGI need not reciprocate.  A protective order is needed to limit inquiry to the transponder and satellite at issue in the case.

Second, Intelsat seeks a protective order requiring, as counsel previously agreed, the two depositions of PMGI (CA) and PMGI to be completed prior to the taking of Intelsat's 30(b)(6).  Further, for the reasons stated in Intelsat's Opposition, Intelsat moves for a protective order with regard to topics 18, 20 and 22 for Intelsat's 30(b)(6) deposition notice.

For the foregoing reasons, Plaintiff Intelsat USA Sales Corporation prays this Court grant its Motion to Compel and Motion for Protective Order, require PMGI(CA) and PMGI to produce its 30(b)(6) witnesses at a time and place convenient for counsel

---

[1] First, Defendant seeks production of all documents that relate to any litigation involving Intelsat that relates to satellite services.  Defendant's Memorandum at 3. Second, Defendant seeks production of all documents relating to all of Intelsat's marketing efforts over the past several years.  Defendant's Memorandum at 5-6.  TThird, Defendant seeks documents relating to Intelsat's litigation strategy and decision to sue Defendant. Defendant's Memorandum at 7.

for Intelsat,  and award to Plaintiff its attorneys' fees and costs, and such other relief as to

the Court seems proper.


INTELSAT USA SALES CORPORATION
By Counsel



_____/s/_____
David I. Bledsoe
Counsel for Plaintiff Intelsat USA Sales Corporation
Bar Number 422596
300 North Washington Street
Suite 708
Alexandria, VA  22314
703-379-9424
703-684-1851(fax)
bledsoelaw@earthlink.net

## CERTIFICATE OF SERVICE

I certify that on August 18, 2008, a copy of the foregoing was served by ECF upon :

Brendan J. McMurrer, Esq.
Sidley Austin LLP
1501 K Street, NW
 Washington, DC 20005

Ira Rothken, Esq.
ROTHKEN LAW FIRM LLP
3 Hamilton Landing, Suite 280
Novato, CA 94949

_____/s/_____
David I. Bledsoe
Counsel for Plaintiff Intelsat USA Sales
Corporation
Bar Number 422596
300 North Washington Street
Suite 708
Alexandria, VA  22314
703-379-9424
703-684-1851(fax)
bledsoelaw@earthlink.net

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### Southern District of Florida

INTELSAT USA SALES CORPORATION

V.

WEST COAST FACILITIES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   1:07-cv-01443(RMC)(USDC D.C.)

TO:  PENTHOUSE MEDIA GROUP, INC.
SERVE: CORPORATION SERVICE CO.
1201 HAYS STREET
TALAHASSEE FL 32301

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Documents described in the attached Schedule A.

| PLACE   Penthouse Media Group, Inc., 6800 Broken Sound Parkway, NW, Boca Raton, FL 33487 | DATE AND TIME   5/5/2008 1:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   *ATTORNEY FOR PLAINTIFF* | DATE   *4/11/08* |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David I. Bledsoe, 300 N. Washington St., Suite 708, Alexandria VA 22314
703 379 9424

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

SCHEDULE A.

1. All documents relating to any transfer of assets, liabilities, contracts, or monies between West Coast Facilities, Inc., formerly known as Penthouse Media Group (CA), Inc., and Penthouse Media Group, Inc. ("PMGI"), or any other subsidiary or affiliate of PMGI since January 2005.

2. All documents relating to any financial transaction between West Coast Facilities, Inc., formerly known as Penthouse Media Group (CA), Inc., and PMGI since January 2005.

3. All documents relating to the corporate officers and directors of PMGI.

4. All contracts, agreements, memoranda of understanding, or correspondence between PMGI and any entity providing satellite services from January 2006 to the present.

5. All documents relating to West Coast Facilities, Inc., formerly known as Penthouse Media Group (CA), Inc.

6. All contracts, agreements, memoranda of understanding, or correspondence between PMGI and any other entity relating to Video on Demand services.

7. All contracts, agreements, memoranda of understanding, or correspondence between PMGI and any of the following entities entered into since January 1, 2006:
   a. New Frontiers;
   b. The Erotic Network (TEN Broadcasting) Canada;
   c. Rogers Cable;
   d. ExpressVu;
   e. XBroadcasting
   f. Astra;

    g.  Hot Bird; or

    h.  BSkyB.

8.  All documents related to the delivery of programming content for Penthouse

content over Satellite, Internet Protocol (IP) Television, public access web based

portal, Video On Demand (VOD) platform or other video streaming content

delivery method.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTELSAT USA SALES CORPORATION, )<br><br>Plaintiff, )<br><br>v. )<br><br>WEST COAST FACILITIES INC., )<br><br>Defendant. ) | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 07-1443 (RMC)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S RESPONSE TO INTELSAT'S FIRST SET OF INTERROGATORIES

Defendant West Coast Facilities Inc. ("West Coast"), by and through its attorney, hereby submits its response to Plaintiff Intelsat's First Set of Interrogatories to Defendant West Coast Facilities Inc. ("Interrogatories").

As a preliminary matter, discovery in this case is just beginning and West Coast is still gathering information regarding the allegations in Intelsat's Complaint. Accordingly, West Coast will require a reasonable amount of time in which to determine those facts, documents, and communications, if any, that should be identified in response to each interrogatory. West Coast reserves the right to supplement its responses to the Interrogatories if and when it obtains further information.

## GENERAL OBJECTIONS

1.    West Coast objects to the Interrogatories, and the instructions and definitions thereto, to the extent that they seek information or documents that contain confidential or proprietary business information before the parties have agreed to an appropriate protective order that has been entered by the Court.

2.      West Coast objects to the Interrogatories, and the instructions and definitions thereto, to the extent that they seek information or documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege. Any inadvertent disclosure of material protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or exemption is not intended, and should not be construed, to constitute a waiver.

3.      West Coast objects to the Interrogatories, and the instructions and definitions thereto, to the extent that they seek information or documents that are publicly available to, or already in the possession of, Intelsat or its Counsel.

4.      West Coast objects to the Interrogatories, and the instructions and definitions thereto, to the extent that they seek information or documents that West Coast has an obligation, whether pursuant to a confidentiality agreement or a similar agreement or an order of a tribunal, not to disclose.

5.      West Coast objects to the Interrogatories, and the instructions and definitions thereto, to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that they state or assume legal conclusions. In providing these responses and objections, West Coast does not admit the factual or legal premise of any of the Interrogatories.

6.      West Coast objects to the Interrogatories, and the instructions and definitions thereto, to the extent that they purport to impose upon West Coast any obligation not imposed by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Columbia.

2

7.    West Coast objects to the Interrogatories, and specifically Instruction Nos. 2, 3, and 4, insofar as they demand that West Coast identify documents, oral communications, and persons in a specified manner.  West Coast will provide its responses in the manner required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Columbia.

## RESPONSES TO INTERROGATORIES

1.    Identify all persons who have knowledge concerning the matters alleged in the Complaint or the Answer.  For each such person, describe the facts known by such person.

**Response to Interrogatory No. 1:**    West Coast objects to this interrogatory as overbroad and unduly burdensome to the extent it seeks information regarding "all" persons who have knowledge concerning the matters alleged in the Complaint or Answer.  Subject to this objection and West Coast's General Objections, West Coast identifies the following high-level individuals who have general knowledge of facts relating to the topics identified:

| Name | Last Known Address | Subjects of General Knowledge |
|---|---|---|
| Paul Asher | May be contacted through counsel for West Coast. | Corporate documents of West Coast Facilities Inc. |
| Jim English | 777 S. Oak Knoll Ave. Pasadena, CA  91106 | Circumstances surrounding negotiations of the contracts at issue. |
| Anthony Previte | May be contacted through counsel for West Coast. | Circumstances surrounding negotiations of the contracts at issue and termination of the contracts at issue. |
| Jim Sullivan | May be contacted through counsel for West Coast. | Circumstances surrounding termination of the contracts at issue. |
| Doug Lindquist | 516 LaLoma Rd. Pasadena, CA  91105 | Circumstances surrounding discussions with Intelsat regarding termination of the contracts at issue. |
| Mark Rudolph | 4343 Chevy Chase Dr. LaCanada Flintridge, CA  91011 | Circumstances surrounding discussions with Intelsat regarding termination of the contracts at issue. |

3

| Kelly Kotera | e-Engineer, Inc.<br>19310 Nashville St.<br>Northridge, CA 91326 | Satellite technology and circumstances surrounding negotiations of contracts at issue. |
|---|---|---|
| Stuart Duncan | Ten Broadcasting<br>2211 Thurston Drive,<br>Suite 200<br>Ottawa, Ontario<br>Canada K1G6C9 | Circumstances surrounding offers to utilize Intelsat's satellite services, particularly those services offered under the contracts at issue. |

2.    Describe the corporate relationship between West Coast Facilities, Inc. and Penthouse Media Group, Inc.

**Response to Interrogatory No. 2:**  West Coast objects to this interrogatory insofar as the phrase "corporate relationship" is vague and undefined.  West Coast further objects to this interrogatory as overbroad to the extent that the information being sought is unrelated to the matters alleged in the Complaint and the Answer.  Such request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to these objections and West Coast's General Objections, West Coast states that Penthouse Media Group Inc. is the parent of West Coast Facilities Inc.

3.    Identify any expert witness that you have retained or specially employed to provide expert testimony and provide all information described in F.R.Civ.P. 26(a)(2).

**Response to Interrogatory No. 3:**  West Coast objects to this interrogatory as premature.  West Coast has not yet retained or specially employed any witness to provide expert testimony in this matter.

4.    Identify all communications between the parties with regard to the contract at issue in this matter.

**Response to Interrogatory No. 4:**  West Coast objects to this interrogatory as overbroad and unduly burdensome to the extent that there is no limit on the scope or timeframe of the request

and that it requires West Coast to identify "all" communications between West Coast and Intelsat

regarding the contract at issue in this matter. Such request seeks information that is neither

relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to

these objections and West Coast's General Objections, West Coast states that information

responsive to this interrogatory that is relevant to the matters alleged in the Complaint and the

Answer may be ascertained from West Coast's business records, to be produced in response to

Intelsat's First Set of Document Requests, and that the burden of ascertaining the information is

substantially the same for Intelsat as for West Coast. Accordingly, pursuant to Federal Rule of

Civil Procedure 33(d), West Coast refers Intelsat to those documents.

     5.     Identify all documents relating to the corporate name change from Penthouse
Media Group (CA) Inc. to West Coast Facilities Inc., including all documents relating to the
proposal and decision to make the name change and all documents relating to the facilitation of
the name change.

**Response to Interrogatory No. 5:**    West Coast objects to this interrogatory as neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence.

     6.     State why you decided to repudiate the contract at issue in this case, including all
reasons for the decision.

**Response to Interrogatory No. 6:**    West Coast objects to this interrogatory as overbroad and

unduly burdensome to the extent it seeks "all" reasons West Coast decided to repudiate the

contract at issue in this case. Subject to this objection and West Coast's General Objections,

West Coast states generally that the contract at issue was terminated because West Coast's

business plans changed and it no longer was feasible to acquire satellite services from Intelsat.

In addition, West Coast has ceased doing business.

     7.     State the purposes for which you contracted for satellite services with plaintiff,
and identify all documents related to such purposes.

**Response to Interrogatory No. 7:**    West Coast objects to this interrogatory insofar as the term "purposes" is vague.    West Coast further objects to this interrogatory insofar as the phrase "satellite services" is vague and undefined.    Subject to these objections and West Coast's General Objections, West Coast states generally that the reason it contracted with Intelsat was to enable West Coast to offer programming via satellite to West Coast's anticipated customers.

Discovery in this case is just beginning and West Coast is still gathering information regarding the allegations in Intelsat's Complaint.    Accordingly, West Coast requires additional time in which to determine those documents, if any, that should be identified in response to this interrogatory.    West Coast will supplement its response to this interrogatory if and when it obtains further information.

8.    Identify all addresses at which employees of Penthouse Media Group (CA) Inc. conducted business from January 1, 2005 until the present.

**Response to Interrogatory No. 8:**    West Coast objects to this interrogatory insofar as the phrase "conducted business" is vague.    Subject to this objection and West Coast's General Objections, West Coast states that employees of Penthouse Media Group (CA) Inc. operated from 2709 Media Center Drive, Los Angeles, CA  90065.  Penthouse Media Group (CA) Inc. vacated that premise on or about November 30, 2006 and no longer is conducting business.

9.    Identify all officers and directors of Penthouse Media Group (CA) Inc. for the entire time period from January 1, 2005 until the present.

**Response to Interrogatory No. 9:**    West Coast objects to this interrogatory as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10.    Describe the operations and business of Penthouse Media Group (CA) Inc. for the entire time period from January 1, 2005 until the present.

6

**Response to Interrogatory No. 10:** West Coast objects to this interrogatory insofar as the phrase "operations and business" is vague. Subject to this objection and West Coast's General Objections, West Coast states generally that from June 16, 2005 (date of incorporation) until approximately November 30, 2006, Penthouse Media Group (CA) Inc. operated an audio/visual production studio facility.

11.    Identify the address of all buildings where employees of West Coast Facilities Inc. would report to work for the entire time period after December 22, 2006 until the present date.

**Response to Interrogatory No. 11:** Subject to West Coast's General Objections, West Coast states that on or about November 30, 2006, Penthouse Media Group (CA) Inc. ceased doing business and thereafter had no employees.

12.    Identify all officers and directors of West Coast Facilities Inc. for the entire time period after December 22, 2006 until the present date.

**Response to Interrogatory No. 12:** West Coast objects to this interrogatory as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

13.    Describe the operations and business of West Coast Facilities Inc. for the entire time period after to [sic] December 22, 2006 until the present date.

**Response to Interrogatory No. 13:** Subject to West Coast's General Objections, West Coast states that on or about November 30, 2006, Penthouse Media Group (CA) Inc. ceased doing business.

14.    Describe all facts and identify all documents that support your denial of the allegations of paragraph 10 of the Complaint.

**Response to Interrogatory No. 14:** Discovery in this case is just beginning and West Coast is still gathering information regarding the allegations in Intelsat's Complaint. Accordingly, West Coast requires additional time in which to determine those facts and documents that should be

identified in response to this interrogatory. West Coast will supplement its response to this

interrogatory when it obtains further information.

15.    If you disagree that Intelsat is entitled to the damages pleaded in the Complaint, state what you believe Intelsat's damages to be as a result of your failure to perform under the contract at issue and the basis for such calculation, and identify all documents used in your calculation.

**Response to Interrogatory No. 15:** West Coast objects to this interrogatory as premature.

West Coast has not yet performed an analysis of Intelsat's damages, if any, and cannot do so

until it has had a reasonable opportunity to conduct discovery.

16.    Identify all parent, subsidiary, and/or affiliated corporations, limited liability companies, or other entities of defendant.

**Response to Interrogatory No. 16:** West Coast objects to this interrogatory as neither relevant

nor reasonably calculated to lead to the discovery of admissible evidence. West Coast further

objects to this interrogatory as vague insofar as it is unclear what Intelsat considers "affiliated

corporations, limited liability companies, or other entities." Subject to these objections and West

Coast's General Objections, West Coast states that Penthouse Media Group Inc. is the parent of

West Coast Facilities Inc., and there are no subsidiaries of West Coast Facilities Inc.


Dated: January 9, 2008                    Respectfully submitted,


                                          Brendan J. McMurrer (DC Bar # 493424)
                                          SIDLEY AUSTIN LLP
                                          1501 K Street, N.W.
                                          Washington, D.C. 20005
                                          Phone: (202) 736-8000
                                          Fax:    (202) 736-8711
                                          Email: bmcmurrer@sidley.com


8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 9, 2008, a copy of the foregoing document was served upon the following by electronic mail and first-class mail:

David I. Bledsoe, Esq.
300 North Washington Street
Suite 708
Alexandria, VA  22314
bledsoelaw@earthlink.net


Brendan J. McMurrer (DC Bar # 493424)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
Phone:  (202) 736-8000
Fax:      (202) 736-8711
Email:  bmcmurrer@sidley.com

DC1 1133793

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| | ) | |
| INTELSAT USA SALES | ) | |
| CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-1443 (RMC/DAR) |
| v. | ) | |
| | ) | |
| WEST COAST FACILITIES, INC., | ) | |
| formerly known at Penthouse Media | ) | |
| Group (CA), Inc. | ) | |
| | | |
| Defendant. | | |

**<u>ORDER</u>**

This matter having come before the Court upon the Motion to Compel and for Protective Order of Plaintiff Intelsat USA Sales Group, and it appearing to the Court that such Motions should be granted, it is hereby

ORDERED that Plaintiff's Motion is granted, and it is further ordered that both defendant West Coast Facilities, Inc., shall provide a deponent to provide a 30(b)(6) deposition as to topics _____ and Penthouse Media Group, Inc. shall provide a deponent to provide a 30(b)(6) deposition as to topics _____ with fourteen days of this Order, to take place at its corporate headquarters in Boca Raton Florida, and that such depositions shall be completed prior to any other depositions in this case, and it is further

ORDERED that defendant is precluded from seeking discovery as to customers, issues, satellites, and information that do not specifically relate to the satellite known as Galaxy-23; and it is further

ORDERED that Penthouse Media Group shall provide all documents responsive to topics 3 and 5 of the Rule 45 subpoena served upon it, and Defendant shall provide all information and documents relating to its corporate structure (Request No. 6 of Intelsat's First Requests); its officers, directors and personnel (Interrogatory Nos. 9 and 12), or its capitalization (Request No. 1 of Intelsat's Second Requests), and it is further

ORDERED that the Defendant shall pay $_____ in attorneys' fees to Plaintiff for the fees necessitated by Plaintiff's Motion.


Entered this _____ day of _____, 2008.


_____
Judge Deborah A. Robinson
United States Magistrate Judge