**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INTELSAT USA SALES CORPORATION, )<br>)<br>Plaintiff, )<br>) Civil Action No. 07-1443 (RMC-DAR)<br>v. )<br>)<br>WEST COAST FACILITIES INC., )<br>)<br>Defendant. )<br>) | |

**REPLY OF WEST COAST FACILITIES, INC. IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AGAINST NOTICE OF DEPOSITION TO WEST COAST FACILITIES, INC. ISSUED BY PLAINTIFF INTELSAT USA SALES CORPORATION PURSUANT TO F.R.Civ.P. Sec. 30(b)(6)**

In opposition to the pending motion by West Coast Facilities for protective order, Intelsat argues that the issues in this case are "straightforward," that it has had excess capacity on the satellite in question, and that a single document referred to as the "G-23 health report" should be sufficient to support Intelsat's performance of the subject agreement for its claim of breach. While these broad arguments have no applicability to West Coast's motion for a protective order, Discovery is not, in fact, determined by the self-serving machinations of a party resisting discovery. To the contrary, propounding parties are allowed broad discovery for the purposes of, *inter alia*, verifying information provided by the opposition, and for cross-examination at trial of such information. As for Intelsat's opposition to the Motion for Protective Order, the claim of Intelsat's need to verify the identity of the defendant is subterfuge for alter ego discovery, which is indisputably irrelevant to this case. The opposition of Intelsat to the pending motion is thus not well-taken.

Intelsat takes great measures to attack counsel for West Coast Facilities and blame West Coast for delaying discovery in this case. Defense counsel disputes Intelsat's characterization of the correspondence between the parties' counsel and the conduct of defense counsel, as the issues raised in Plaintiff's opposition were already addressed in the NOTICE OF WITHDRAWAL OF PORTION OF AMENDED MOTION TO COMPEL DEPOSITION OF INTELSAT USA SALES CORPORATION; DECLARATION OF IRA P. ROTHKEN, filed on August 14, 2008, in which defendant clarified the course of correspondence regarding depositions (which are not at issue in this motion). Rather than accept the fact that defendant, in good faith, clarified the record and withdrew a portion of the motion to compel as the parties had reengaged in setting depositions, Intelsat attempts to disparage defense counsel on matters that have no bearing on any pending motion.

Intelsat does not dispute that it has sought information regarding the corporate structure of West Coast Facilities that West Coast claims is irrelevant to this case. That is what is at issue before the Court and which motion for protective order the Court should grant.

    **A.**    **The Corporate Structure and Identity of West Coast Facilities are Irrelevant**

Intelsat does not dispute that there is no alter ego claim against any parent company of West Coast Facilities and there is no dispute that West Coast Facilities is in fact, the successor-in-interest to Penthouse Media Group (CA), Inc. ("PMGI (CA)"). Instead, Intelsat reaffirms a need for discovery of the corporate structure of defendant, including its relationship with parent and subsidiary, as well the corporate officers, directors and personnel of West Coast for the sole purpose of verifying the legal existence of PMGI (CA). Moreover, Intelsat argues that it should be entitled to investigate any purported fraud in case PMGI (CA) did not exist.

This argument is devoid of merit. First, there is no claim of fraud by Intelsat in the Complaint. The only claims by Intelsat are for breach of contract and for damages based on an unjust enrichment theory. Second, Intelsat acknowledges that West Coast did provide documents filed with the Florida and California Secretaries of State showing that PMGI (CA) is registered as a legal business entity in those states. Unsatisfied that such evidence supports PMGI (CA)'s legal existence, Intelsat seeks additional documents supporting the existence of corporate minutes, Board of Directors, bylaws, and articles of incorporation. It bears repeating Intelsat's own statement at the beginning of its opposition that "[t]his is a fairly straightforward case" involving a single claim of breach of contract and damages. There is no dispute whatsoever in this case that PMGI (CA) was the contracting party of the agreement at issue in this case, or that West Coast is the successor-in-interest of PMGI (CA). No further discovery on this point is necessary.

The corporate structure of defendant and information concerning the corporate officers and personnel of West Coast have no conceivable purpose other than to support a claim for alter ego liability or to verify the identity of West Coast as the correct defendant party. Under New York law, a party seeking to pierce the corporate veil must establish that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury and must further establish that the controlling corporation abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene" (*Matter of Morris v. New York State Dept. of Taxation & Fin.,* 82 N.Y.2d 135, 141-142, 603 N.Y.S.2d 807, 623 N.E.2d 1157)

Because these claims are not at issue in this case and otherwise have no apparent connection to the breach of contract cause of action or damages,

discovery concerning the corporate structure and personnel information of West Coast should be barred.  *See Doe v. District of Columbia*, 231 F.R.D. 27, 34 (D.D.C. 2005) ("In order for this court to compel discovery, the information sought must be relevant to the claims or defenses of the parties."); *Rubin v. Islamic Republic of Iran*, 349 F. Supp. 2d 1108, 1113-14 (N.D. Ill. 2004) ("Because discovery is only available for relevant subject matter, the Court denies Plaintiffs' discovery requests currently before the Court and grants [the] motion for a discovery protective order.").

### B.  The Business Conducted by West Coast Facilities is Irrelevant

An issue as broad as "business conducted" by a party to a contract, without further specification, has no bearing on the two claims by Intelsat in this case of breach and damages for the alleged breach.

### C.  The Capitalization of West Coast Facilities is Irrelevant

Intelsat underscores that it needs discovery concerning the capitalization of West Coast Facilities to verify the legal existence of PMGI(CA), as its predecessor-in-interest.  For the reasons discussed above, Intelsat's purported need is invalid and dishonest.  It strains reason to conclude that the capitalization of a company is required to verify either the legal existence of that company or that company's ability to enter into an agreement.  Otherwise, there is no prayer for punitive damages in this case and, again, there is no claim for alter ego liability against the parent company of West Coast Facilities to the extent that such discovery is aimed at piercing the corporate veil of West Coast's parent company.

The pending discovery and subpoena thus serve only to annoy and harass West Coast and a protective order denying discovery as to facts having no relevance to the disputed issues in this case regarding breach and the measure of

damages claimed by Intelsat is warranted by Federal Rule of Civil Procedure 26(c).

Dated: August 25, 2008                              ROTHKEN LAW FIRM LLP

                                                    _____
                                                    Ira P. Rothken, Esq.,
                                                    Attorney for Defendant West Coast
                                                    Facilities Inc.

                                                    3 Hamilton Landing, Suite 280
                                                    Novato, CA  94949
                                                    Telephone:  (415) 924-4250
                                                    Facsimile:   (415) 924-2905

                                                    Brendan J. McMurrer (DC Bar # 493424)
                                                    SIDLEY AUSTIN LLP
                                                    1501 K Street, N.W.
                                                    Washington, D.C.  20005
                                                    Phone:  (202) 736-8000
                                                    Fax:     (202) 736-8711
                                                    Email:   bmcmurrer@sidley.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 25, 2008, a copy of the foregoing document was served upon the following by electronic mail, facsimile and first-class mail:

>David I. Bledsoe, Esq.
>300 North Washington Street, Suite 708
>Alexandria, VA  22314
>Tel: (703) 379-9424
>Fax: (703) 684-1851
>bledsoelaw@earthlink.net

>_____
>Jared R. Smith (CA Bar # 130343)
>ROTHKEN LAW FIRM LLP
>3 Hamilton Landing, Suite 280
>Novato, CA  94949
>Telephone:  (415) 924-4250
>Facsimile:   (415) 924-2905