## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| INTELSAT USA SALES CORPORATION,         Plaintiff,    v.  WEST COAST FACILITIES INC.,         Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 07-1443 (RMC-DAR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY OF WEST COAST FACILITIES, INC. IN SUPPORT OF MOTION TO COMPEL DEPOSITION TESTIMONY PER NOTICE OF DEPOSITION TO INTELSAT USA SALES CORPORATION ISSUED BY WEST COAST FACILITIES INC. PURSUANT TO F.R.Civ.P. Sec. 30(b)(6)**

In opposition to the pending motions by West Coast Facilities to compel further discovery, Intelsat seeks to restrict discovery based on its claims that the issues in this case are "straightforward," that it has had excess capacity on the satellite in question, and that a single document referred to as the "G-23 health report" should be sufficient to support Intelsat's performance of the subject agreement for its claim of breach. Discovery is not, in fact, determined by the self-serving machinations of a party resisting discovery. To the contrary, propounding parties are allowed broad discovery for the purposes of, *inter alia*, verifying information provided by the opposition, and for cross-examination at trial of such information. Discovery is not limited to a single legal theory proffered by a party resisting discovery, as argued by Intelsat who seeks to preclude further discovery

of facts regarding its mitigation efforts given its purported showing of excess satellite capacity.

Intelsat takes great measures to attack counsel for West Coast Facilities and blame West Coast for delaying discovery in this case. Defense counsel disputes Intelsat's characterization of the correspondence between the parties' counsel and the conduct of defense counsel, as the issues raised in Plaintiff's opposition were already addressed in the NOTICE OF WITHDRAWAL OF PORTION OF AMENDED MOTION TO COMPEL DEPOSITION OF INTELSAT USA SALES CORPORATION; DECLARATION OF IRA P. ROTHKEN, filed on August 14, 2008, in which defendant clarified the course of correspondence regarding depositions. Rather than accept the fact that defendant, in good faith, clarified the record and withdrew a portion of the motion to compel as the parties had reengaged in setting depositions, Intelsat attempts to disparage defense counsel on matters that have no bearing on any pending motion.

Intelsat does not dispute that it objected to and has refused the valid discovery sought through deposition testimony. That is what is at issue before the Court. The purported conduct of West Coast Facilities' counsel is no defense to Intelsat's refusal to produce a witness for discovery relating to its own complaint allegations and relevant to Intelsat's claimed damages. The issues relevant to this motion are that: 1) plaintiff's meager document production delayed defendant's ability to notice a deposition that it could expect to be meaningful (see motion to compel documents and reply, set contemporaneously with this motion) and, 2) the categories to which plaintiff has refused to produce a witness are relevant and reasonable calculated to lead to the discovery of admissible evidence. The Court should order plaintiff to produce a witness as to all categories identified in defendant's deposition notice.

A.   **Identification of Witnesses With Knowledge of the Complaint Allegations**

Intelsat misconstrues the scope of deposition testimony sought relating to the identification of witnesses with knowledge of the allegations against West Coast Facilities. West Coast is not seeking one witness to summarize the collective knowledge of all facts relevant to the Complaint held by other witnesses. West Coast seeks one or more qualified witnesses to identify those parties with knowledge of such facts, and, if known, their knowledge of the facts. Clearly, the purpose of such information is to allow West Coast to merely identify other witnesses known to Intelsat with knowledge of the allegations against West Coast.

West Coast is entitled to discover witnesses who have relevant knowledge of the facts surrounding the allegations in the Intelsat complaint. Intelsat should be compelled to allow testimony and discovery as to persons with knowledge of its allegations against West Coast.

B.   **Third Party Complaints Regarding Intelsat's Failure to Provide Satellite Services**

In response to the pending motion to compel deposition testimony regarding third party complaints, Intelsat does not contest that discovery relevant to its duty to mitigate damages or relevant to whether Intelsat was able to fulfill its contractual duties should be produced. Intelsat's sole argument is that a single document it has produced should provide all of the necessary facts relevant to Intelsat's ability to perform. This narrow approach is simply inconsistent with the broad allowance of discovery, as stated:

> Certainly the requirement of relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms. Indeed it is not too strong to say that discovery should be considered relevant where there is **any possibility** that the information sought may be relevant to the subject matter of the action.

*Tavoulareas v. Piro*, 93 F.R.D. 11, 21 (D.D.C. 1981) (quoting C. Wright, Law of Federal Courts at 403) (emphasis added); *see also Smith v. Schlesinger*, 513 F.2d 462, 473 (D.C. Cir. 1975) ("[A] party may discover information which is not admissible at trial if such information will have some probable effect on the organization and presentation of the moving party's case.").

West Coast seeks to establish that Intelsat suffered no actual damages by showing that Intelsat did not suffer any shortage of bandwidth as a result of the alleged breach by West Coast and could have mitigated its damages by reallocating satellite bandwidth to third parties. In the New York case of *Holy Properties Ltd., L.P. v. Kenneth Cole Productions, Inc*. 87 N.Y.2d 130, 661 N.E.2d 694 (N.Y., 1995), the Court stated that, "the law imposes upon a party subjected to injury from breach of contract, the duty of making reasonable exertions to minimize the injury (*Wilmot v. State of New York,* 32 N.Y.2d 164, 168-169, 344 N.Y.S.2d 350, 297 N.E.2d 90; *Losei Realty Corp. v. City of New York,* 254 N.Y. 41, 47, 171 N.E. 899)"

West Coast also requires evidence of third party complaints to refute Intelsat's claim that it was "ready, willing and able to provide telecommunications services" pursuant to the agreement with West Coast. It is invalid for Intelsat to cut off discovery on these issues by its claim that one produced document is sufficient or that discovery should be otherwise limited on that basis. *See I.A.M. Nat'l Pension Fund Ben. Plan A v. Allied Corp*., 97 F.R.D. 34, 36 (D.D.C. 1983) ("[D]iscovery is not to be limited solely to the legal theory asserted by the plaintiffs. If any plausible legal theory supports the relevance of the information sought, then discovery should be allowed to proceed."). West Coast is entitled to all discovery relevant to the issues of Intelsat's claimed damages and ability to perform the contract.

### C. Intelsat Representations and Marketing of Services

Intelsat argues that West Coast's request for discovery of marketing

4

representations would result in "literally hundreds of thousands of emails and communications involving hundreds of customers," most of which are irrelevant to this case. It is not for Intelsat to conclude, without allowing West Coast the opportunity to review such communications, that they are irrelevant to this case. *See id.*; *Tavoulareas*, *supra*. Moreover, the fact that the request may cover a large volume of information should not determine their relevancy. However, as a category of communications by Intelsat, representations made in marketing materials to Intelsat's customers pertaining to satellite services would necessarily be limited to the attributes of Intelsat's services, such as the capabilities, range, flexibility and technical aspects of Intelsat's satellite services. Discovery as to the representations by Intelsat in its marketing information and the content of Intelsat's technical information is clearly probative of the capabilities of Intelsat's satellite technology with regard to bandwidth allocation and capacity, which are material and relevant to the issues of Intelsat's ability to perform, actual damages and capacity to mitigate damages.

    The deposition topics noticed to Plaintiff Intelsat are directly relevant to both the breach of contract and quantum meruit claims by Intelsat as well as West Coast's affirmative defenses. The burden on Intelsat to respond by designating an appropriate representative to testify as to each of the topics is thus justified and outweighed by West Coast's need for such discovery.

Dated: August 25, 2008                          ROTHKEN LAW FIRM LLP

                                                          Ira P. Rothken, Esq.,
                                                          Attorney for Defendant West Coast
                                                          Facilities Inc.

                                                          3 Hamilton Landing, Suite 280
                                                          Novato, CA  94949

        Telephone:  (415) 924-4250
        Facsimile:   (415) 924-2905

        Brendan J. McMurrer (DC Bar # 493424)
        SIDLEY AUSTIN LLP
        1501 K Street, N.W.
        Washington, D.C.  20005
        Phone:  (202) 736-8000
        Fax:     (202) 736-8711
        Email:   bmcmurrer@sidley.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 25, 2008, a copy of the foregoing document was served upon the following by electronic mail and eFiling:

> David I. Bledsoe, Esq.
> 300 North Washington Street, Suite 708
> Alexandria, VA  22314
> Tel: (703) 379-9424
> Fax: (703) 684-1851
> bledsoelaw@earthlink.net

_____
Jared R. Smith (CA Bar # 130343)
ROTHKEN LAW FIRM LLP
3 Hamilton Landing, Suite 280
Novato, CA  94949
Telephone:  (415) 924-4250
Facsimile:   (415) 924-2905