IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTELSAT USA SALES CORPORATION, ) ) ) ) | |
| Plaintiff, ) | Civil Action No. 07-1443 (RMC) |
| ) | |
| v. ) | **Hon. Deborah A. Robinson** |
| ) | |
| WEST COAST FACILITIES INC., ) ) | |
| Defendant. ) | |

**OPPOSITION OF WEST COAST FACILITIES, INC. TO MOTION FOR PROTECTIVE ORDER**

  West Coast Facilities, Inc. ("WCFI") hereby opposes USA Sales Corporation's ("Intelsat") motion for protective order relating to notice of deposition. For the sake of clarity, WCFI's Motion to Compel Deposition Testimony, if granted, will dispose of Intelsat's Motion for Protective Order. Accordingly, the arguments made therein are incorporated herein by this reference. **Intelsat makes no attempt to quantify any burden warranting a limitation on WCFI's discovery requests as required by F.R.Civ.P. 26(b)(2)(iii), permitting a limitation on discovery where, "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."** Intelsat does not dispute that it seeks to prevent discovery of facts relevant to Intelsat's claimed damages which are the subject to WCFI's Motion to

Compel deposition testimony and Motion to Compel document production. The motion for protective order adds nothing to assist the Court in determining the issues already placed before it by WCFI's motions to compel. Intelsat's motion for protective order should therefore be denied.

A. **Intelsat's Motion for a Protective Order Is Based on an Unduly Narrow Legal Theory by Intelsat**

In opposition to WCFI's pending motion to compel document production, Intelsat does not contest that discovery relevant to whether Intelsat was able to fulfill its contractual duties should be produced. Intelsat's sole argument in support of its motion for a protective order is that documents pertaining to its purported unused capacity on the G-23 satellite are sufficient to satisfy its discovery obligation to produce responsive documents on the issue of Intelsat's performance. Intelsat argues that discovery should thus be limited to the transponder and satellite at issue in this case. Intelsat's narrow approach is simply inconsistent with the broad allowance of discovery, as stated:

> Certainly the requirement of relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms. Indeed it is not too strong to say that discovery should be considered relevant where there is **any possibility** that the information sought may be relevant to the subject matter of the action.

*Tavoulareas v. Piro*, 93 F.R.D. 11, 21 (D.D.C. 1981) (quoting C. Wright, Law of Federal Courts at 403) (emphasis added); *see also Smith v. Schlesinger*, 513 F.2d 462, 473 (D.C. Cir. 1975) ("[A] party may discover information which is not admissible at trial if such information will have some probable effect on the organization and presentation of the moving party's case.").

Discovery is broad and cannot, in fact, be limited on the basis of the responding party's attempt to limit discovery on a legal issue to its own theory on that issue. *See I.A.M. Nat'l Pension Fund Ben. Plan A v. Allied Corp.*, 97 F.R.D.

2

34, 36 (D.D.C. 1983) ("[D]iscovery is not to be limited solely to the legal theory asserted by the plaintiffs. If any plausible legal theory supports the relevance of the information sought, then discovery should be allowed to proceed."). WCFI is entitled to all discovery relevant to the issue of Intelsat's ability to perform the contract.

As an element of a claim for breach of contract, Intelsat has the burden of proving that it was "ready, willing and able to provide telecommunications services" pursuant to the agreement with WCFI. Complaint, ¶7. *See Greenwich Ins. Co. v. Ice Contrs., Inc.*, 541 F. Supp. 2d 327, 333 (D.D.C. 2008) ("To prevail on a breach of contract claim, plaintiff must demonstrate that. . .plaintiff performed its contractual obligations….") (citation omitted). Paragraph 9.3 of the agreement, for instance, provides that Intelsat warranted that it was "in compliance with all applicable laws and regulations of any jurisdiction to which it is subject concerning the subject matter of [the] Agreement." *See* Declaration of Ira P. Rothken in support of WCFI's discovery motions, Exhibit "A." Intelsat's express contractual obligation under paragraph 9.3 requires discovery of the existence of any violation by Intelsat of any law, rule, regulation, treaty, or third party rights regarding any part of the satellite service. Notably, such discovery is not addressed by the referenced "loading charts for the G-23 satellite" that Intelsat claims in its concurrent opposition brief are sufficient to satisfy its discovery obligations.

Moreover, WCFI seeks discovery regarding litigation between Intelsat and other third parties arising out of the same satellite services as contracted for by WCFI (topic 20 in West Coast's 30(b)(6) deposition notice to Intelsat). Among other things, WCFI requires such discovery to support its defense that Intelsat was not, in fact, ready willing and able to perform its terms of the contract with WCFI. Intelsat argues that such discovery amounts to a fishing expedition. However, WCFI is aware that Intelsat has filed in the recent past at least 5 separate lawsuits, all filed by the same counsel representing Intelsat in this lawsuit, arising out of the

same kind and type of satellite services at issue with WCFI:

- *Intelsat USA Sales Corp. v. Skyframes, Inc.*, Case No. 1:04-cv-01903-HHK, filed in the District Court for the District of Columbia on November 2, 2004 (*see* West Coast Facilities' Reply Brief in Support of Motion to Compel Document Production, Declaration of Ira Rothken, Ex. A). Intelsat asserts claims of breach of contract and quantum meruit arising out of a satellite services agreement, claiming damages in the amount of $129,639.96.

- *Intelsat USA Sales Corp. v. Standard Comm. Corp.*, Case No. 1:06-cv-00414-HHK, filed in the District Court for the District of Columbia on March 7, 2006 (*see* West Coast Facilities' Reply Brief in Support of Motion to Compel Document Production, Declaration of Ira Rothken, Ex. B). Intelsat asserts claims of breach of contract and quantum meruit arising out of a satellite services agreement, claiming damages in the amount of $1,726,270.94.

- *Intelsat USA Sales Corp. v. Galaxy Broadcasting Networks, LLC*, Case No. 1:06-cv-00418-EGS, filed in the District Court for the District of Columbia on March 7, 2006 (*see* West Coast Facilities' Reply Brief in Support of Motion to Compel Document Production, Declaration of Ira Rothken, Ex. C). Intelsat asserts claims of breach of contract and quantum meruit arising out of a satellite services agreement, claiming damages in the amount of $437,621.78.

- *Intelsat USA Sales Corp. v. Satcom Systems, Inc.*, Case No. 1:07-cv-00119-JR, filed in the District Court for the District of Columbia on January 18, 2007 (*see* West Coast Facilities' Reply Brief in Support of Motion to Compel Document Production, Declaration of Ira Rothken, Ex. D). Intelsat asserts claims of breach of contract and quantum meruit arising out of a satellite services agreement, claiming damages

      in the amount of $8,765,611.47.

- *Intelsat USA Sales Corp. v. 927665 Alberta, Inc.*, Case No. 1:07-cv-00118-EGS, filed in the District Court for the District of Columbia on January 18, 2007 (*see* West Coast Facilities' Reply Brief in Support of Motion to Compel Document Production, Declaration of Ira Rothken, Ex. E). Intelsat asserts claims of breach of contract and quantum meruit arising out of a satellite services agreement, claiming damages in the amount of $2,215,833.32.

Intelsat is either poor at choosing its customers, having incurred purported millions of dollars in damages, or there is a common reason that its customers allegedly breached their satellite services agreements. Given that WCFI never had the opportunity to use Intelsat's services, WCFI's sole source of information as to Intelsat's purported ability to perform the agreement are other customers of Intelsat with disputes regarding satellite services.

Moreover, Intelsat claims damages against WCFI in the amount of $7,377,244.77. In light of the strong probability that such an amount comes nowhere near approximating Intelsat's actual damages, the fact that Intelsat has claimed further millions of dollars in damages for similar or identical satellite services is certainly relevant to Intelsat's actual damages in this case. *See LeRoy v. Sayers,* 217 A.D.2d 63, 635 N.Y.S.2d 217 (N.Y.A.D. 1 Dept.,1995) (a stipulated amount of liquidated damages that does not bear a reasonable relation to the actual amount of probable damage that would befall defendant in the event of plaintiff's default constitutes a penalty); *see also Techworld Hotel Assocs. v. NCS Pearson, Inc.*, 2003 U.S. Dist. LEXIS 11933, *6-7 (D.D.C. July 9, 2003) ("A court may deem a liquidated damages clause invalid as a penalty on the grounds of public policy if it is plainly without reasonable relation to any probable damage which may follow a breach.") (citation omitted).

Finally, Intelsat argues that WCFI's request for discovery of marketing

representations (pursuant to topic 22 in WCFI's 30(b)(6) deposition notice to Intelsat) would result in "literally hundreds of thousands of emails and communications involving hundreds of customers," most of which are irrelevant to this case. It is not for Intelsat to conclude, without allowing WCFI the opportunity to review such communications, that they are irrelevant to this case. *See Tavoulareas*, 93 F.R.D. at 21, *supra*. Moreover, the fact that the request may cover a large volume of information should not determine their relevancy. However, as a category of communications by Intelsat, representations made in marketing materials to Intelsat's customers pertaining to satellite services would necessarily be limited to the attributes of Intelsat's services, such as the capabilities, range, flexibility and technical aspects of Intelsat's satellite services. Discovery as to the representations by Intelsat in its marketing information and the content of Intelsat's technical information is clearly probative of the capabilities of Intelsat's satellite technology with regard to bandwidth allocation and capacity, which are material and relevant to the issues of Intelsat's ability to perform, actual damages and capacity to mitigate damages.

      Defendant does have a right to discovery related to efforts Intelsat has taking to mitigate its alleged damages and other allocations of resources affecting such potential mitigation. In the New York case of *Holy Properties Ltd., L.P. v. Kenneth Cole Productions, Inc*. 87 N.Y.2d 130, 661 N.E.2d 694 (N.Y. 1995), the Court stated that, "the law imposes upon a party subjected to injury from breach of contract, the duty of making reasonable exertions to minimize the injury (*Wilmot v. State of New York,* 32 N.Y.2d 164, 168-169, 344 N.Y.S.2d 350, 297 N.E.2d 90; *Losei Realty Corp. v. City of New York,* 254 N.Y. 41, 47, 171 N.E. 899).." Defendant's discovery requests are designed to explore that relevant area of inquiry. Accordingly, Defendant's motion to compel should be granted and Plaintiff's motion for a protective order should be denied.

      The document requests propounded and deposition testimony sought of

Plaintiff Intelsat are directly relevant to both the breach of contract and quantum meruit claims by Intelsat as well as WCFI's affirmative defenses. The burden on Intelsat to respond by producing responsive documents and deposition testimony is thus justified and outweighed by WCFI's need for such discovery.

Dated:  August 29, 2008                ROTHKEN LAW FIRM LLP

                                       _____
                                       Ira P. Rothken, Esq.,
                                       Attorney for Defendant West Coast
                                       Facilities Inc.

                                       3 Hamilton Landing, Suite 280
                                       Novato, CA  94949
                                       Telephone:  (415) 924-4250
                                       Facsimile:   (415) 924-2905

                                       Brendan J. McMurrer (DC Bar # 493424)
                                       SIDLEY AUSTIN LLP
                                       1501 K Street, N.W.
                                       Washington, D.C.  20005
                                       Phone:  (202) 736-8000
                                       Fax:      (202) 736-8711
                                       Email:   bmcmurrer@sidley.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 29, 2008, a copy of the foregoing document was served upon the following by electronic mail and eFiling:

> David I. Bledsoe, Esq.
> 300 North Washington Street, Suite 708
> Alexandria, VA  22314
> Tel: (703) 379-9424
> Fax: (703) 684-1851
> bledsoelaw@earthlink.net

*/s/ Jared R. Smith*
_____
Jared R. Smith (CA Bar # 130343)
ROTHKEN LAW FIRM LLP
3 Hamilton Landing, Suite 280
Novato, CA  94949
Telephone:  (415) 924-4250
Facsimile:   (415) 924-2905