IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTELSAT USA SALES CORPORATION, ) ) ) ) | |
| Plaintiff, ) | Civil Action No. 07-1443 (RMC) |
| ) v. ) | **Hon. Deborah A. Robinson** |
| ) WEST COAST FACILITIES INC., ) ) | |
| Defendant. ) | |

**OBJECTION AND OPPOSITION OF PENTHOUSE MEDIA GROUP, INC. TO MOTION TO COMPEL**

Third party Penthouse Media Group, Inc. ("PMGI") requests that it be allowed to specially appear in these proceedings for the sole and limited purpose of objecting to and opposing plaintiff, Intelsat USA Sales Corporation's ("Intelsat") improper motion to compel deposition testimony and document production by third party PMGI based on Southern District of Florida subpoenas. PMGI's objection and opposition herein is without waiver of any arguments it may make in the event Intelsat properly brings a motion to compel in the proper forum of the Southern District of Florida.

Intelsat's motion against PMGI is procedurally improper and should be denied on that ground. Intelsat served PMGI with third party Southern District of Florida subpoenas for deposition testimony and production of documents in Boca Raton, Florida. Instead of bringing its motion to compel as against PMGI in Florida, Intelsat seeks relief from this Court. Because PMGI is not a party to this

case, and the subpoenas were issued by the Southern District of Florida, this Court has no jurisdiction to determine any motion to compel production and testimony. Accordingly, Intelsat's motion as against PMGI is procedurally improper and should be denied.

Not only is the motion to compel against PMGI procedurally improper, it is substantively invalid. It is undisputed that Intelsat seeks deposition testimony and documents for information relevant primarily to an alter ego claim, which does not exist in this case. Accordingly, even if the motion were properly brought in the Southern District of Florida, it should be denied.

### A. Intelsat's Motion to Compel Deposition Testimony is Procedurally Improper

"A motion for an order [compelling disclosure or discovery] to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2). Intelsat served its subpoena on PMGI, which is not a party to this case, in the Southern District of Florida. As admitted by Intelsat in its own motion papers, the subpoena requires deposition testimony and document production in Boca Raton, Florida. Per the express requirement of rule 37(a)(2), Intelsat's motion must be brought in the proper district court in Florida. Intelsat's pending motion against PMGI is thus improper and should be stricken.

### B. The Motion to Compel Deposition Testimony of PMGI and For Document Production Seeks Discovery for an Alter Ego Claim That Has No Bearing On This Case.

Intelsat's claimed need to verify the defendant's identity, as argued by Intelsat in its opposition to West Coast Facilities, Inc.' ("WCFI") Motion for Protective Order, is subterfuge for alter ego discovery. Such discovery is irrelevant to this case as it is undisputed that (1) Intelsat asserted no alter ego claim against any parent company of WCFI and (2) WCFI is in fact, the same entity as

2

Penthouse Media Group (CA), Inc. ("PMGI (CA)").[1]  Instead, Intelsat cites a need for discovery of defendant, WCFI's corporate structure including any parent-subsidiary relationship with PMGI as well the corporate officers, directors and personnel of WCFI and PMGI for the sole purpose of verifying the legal existence of PMGI (CA).  Moreover, Intelsat argues that it should be entitled to investigate any purported fraud in case PMGI (CA) did not exist.

These arguments are devoid of merit.  First, Intelsat asserts no fraud claim in its Complaint.  Intelsat's only claims are for breach of contract and for damages based on an unjust enrichment theory.  Second, Intelsat acknowledges that WCFI did provide documents filed with the Florida and California Secretaries of State showing that PMGI (CA) is registered as a legal business entity in those states.  There is no dispute whatsoever that PMGI (CA) was the contracting party of the agreement at issue in this case, or that WCFI is the same entity as PMGI (CA).  No further discovery on this point is necessary.

Defendant's corporate structure and information concerning WCFI's and PMGI's corporate officers and personnel have no conceivable purpose other than to support a claim for alter ego liability or to verify the identity of WCFI as the correct defendant party.  Under New York law, a party seeking to pierce the corporate veil must establish that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in the plaintiff's injury and must further establish that the controlling corporation abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene" (*Matter of Morris v. New York State Dept. of Taxation & Fin.*, 82

---

[1] PMGI (CA) is the same entity as West Coast Facilities, Inc.  On January 31, 2007, PMGI (CA) changed its name to West Coast Facilities, Inc.  See Exhibit A to the Declaration of Ira P. Rothken and Request for Judicial Notice for a true and correct copy of the name change document filed with the Florida Department of State, Division of Corporations.

N.Y.2d 135, 141-142, 603 N.Y.S.2d 807, 623 N.E.2d 1157).  The same approach applies in this District.  *See Ivanov v. Sunset Pools Mgmt., Inc.*, 524 F. Supp. 2d 13, 15 (D.D.C. 2007) ("To determine whether the corporation and shareholder have abused the corporate form, courts weigh several factors, including: whether they have commingled 'funds, staff, and property; whether a single shareholder dominates the corporation, whether the corporation is adequately capitalized; and, especially, whether the corporate form has been used to effectuate a fraud.'") (citations omitted).

Because Intelsat has failed to assert any claim for alter ego or fraud in this case and the information sought through the subpoenas has no apparent connection to the breach of contract cause of action or damages, discovery concerning the corporate structure and personnel information of WCFI and PMGI is irrelevant and should be barred.  *See Doe v. District of Columbia*, 231 F.R.D. 27, 34 (D.D.C. 2005) ("In order for this court to compel discovery, the information sought must be relevant to the claims or defenses of the parties."); *Rubin v. Islamic Republic of Iran*, 349 F. Supp. 2d 1108, 1113-14 (N.D. Ill. 2004) ("Because discovery is only available for relevant subject matter, the Court denies Plaintiffs' discovery requests currently before the Court and grants [the] motion for a discovery protective order.").

In addition, an issue as broad as "business conducted" by a party to a contract, without further specification, has no bearing on Intelsat's two claims in this case: breach of contract and damages for the alleged breach.

With regard to PMGI(CA)'s capitalization, Intelsat's purported need for discovery on that issue is invalid and dishonest.  It strains reason to conclude that the capitalization of a company is required to verify either the legal existence of that company or that company's ability to enter into an agreement.  Further, Intelsat asserted no claim for punitive damages or for alter ego liability against the

4

parent company of WCFI. To the extent such discovery is aimed at piercing the corporate veil of WCFI's parent company, PMGI, it is improper.

The pending discovery and subpoenas thus serve only to annoy and harass PMGI. Because Intelsat's motion violates Federal Rule of Civil Procedure 37(a)(2), and should have been brought in the Southern District Court of Florida, Intelsat's motion as against PMGI should be denied. Moreover, the motion should further be denied on its merits as set forth above.

Dated:  August 29, 2008          ROTHKEN LAW FIRM LLP

_____
Ira P. Rothken, Esq.,
Attorney for Defendant West Coast
Facilities Inc.

3 Hamilton Landing, Suite 280
Novato, CA  94949
Telephone:  (415) 924-4250
Facsimile:   (415) 924-2905

Brendan J. McMurrer (DC Bar # 493424)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
Phone:  (202) 736-8000
Fax:     (202) 736-8711
Email:   bmcmurrer@sidley.com

## DECLARATION OF IRA P. ROTHKEN AND REQUEST FOR JUDICIAL NOTICE

I, IRA P. ROTHKEN, hereby declare:

1. I am an attorney duly licensed and admitted to appear *pro hac vice* in this proceeding on behalf of the defendant, West Coast Facilities, Inc. I have personal

5

knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      Attached hereto as Exhibit "A" is a true and correct copy of the application for name change filed by Penthouse Media Group (CA), Inc. to change its name to West Coast Facilities, Inc. filed with the Florida Department of State, Division of Corporations on January 31, 2007.

3.      Pursuant to Fed. R. Evid. 201(b)(2), Defendant West Coast Facilities, Inc. requests that the Court take judicial notice of the fact, which is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" that West Coast Facilities, Inc. is simply the same entity as the entity formerly named Penthouse Media Group (CA), Inc.

   I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.  Executed within the United States on August 29, 2008.

                                        Ira P. Rothken, Esq.

6

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 29, 2008, a copy of the foregoing document was served upon the following by electronic mail and eFiling:

    David I. Bledsoe, Esq.
    300 North Washington Street, Suite 708
    Alexandria, VA  22314
    Tel: (703) 379-9424
    Fax: (703) 684-1851
    bledsoelaw@earthlink.net

    _____
    Jared R. Smith (CA Bar # 130343)
    ROTHKEN LAW FIRM LLP
    3 Hamilton Landing, Suite 280
    Novato, CA  94949
    Telephone:  (415) 924-4250
    Facsimile:    (415) 924-2905

EXHIBIT A

JAN. 31. 2007 10:19AM  NO. 36

**F06 000003882**

# Florida Department of State
## Division of Corporations
### Public Access System

### Electronic Filing Cover Sheet

**Note: Please print this page and use it as a cover sheet. Type the fax audit number (shown below) on the top and bottom of all pages of the document.**

(((H07000027706 3)))

H070000277063ABC$

**Note:** DO NOT hit the REFRESH/RELOAD button on your browser from this page. Doing so will generate another cover sheet.

RECEIVED 07 JAN 31 AM 8:00 DIVISION OF CORPORATIONS

FILED 07 JAN 31 PM 3:37 SECRETARY OF STATE TALLAHASSEE, FLORIDA

```
To:
   Division of Corporations
   Fax Number    : (850)205-0380

From:
   Account Name   : CORPORATION SERVICE COMPANY
   Account Number : I20000000195
   Phone          : (850)521-1000
   Fax Number     : (850)558-1575
```

## COR AMND/RESTATE/CORRECT OR O/D RESIGN

### PENTHOUSE MEDIA GROUP (CA) INC.

| Certificate of Status | 0 |
| --- | --- |
| Certified Copy | 0 |
| Page Count | 03 |
| Estimated Charge | $35.00 |

*Amanda Haddon ext 29SS*

Electronic Filing Menu    Corporate Filing Menu    Help

*Dave Chang*

D. CONNELL    JAN 3 1 2007

## PROFIT CORPORATION
## APPLICATION BY FOREIGN PROFIT CORPORATION TO FILE AMENDMENT TO APPLICATION FOR AUTHORIZATION TO TRANSACT BUSINESS IN FLORIDA
(Pursuant to s. 607.1504, F.S.)

### SECTION I
(1-3 MUST BE COMPLETED)

F06000003882
(Document number of corporation (if known))

FILED 07 JAN 31 PM 3:31 SECRETARY OF STATE TALLAHASSEE, FLORIDA

1. PENTHOUSE MEDIA GROUP (CA) INC.
(Name of corporation as it appears on the records of the Department of State)

2. California
(Incorporated under laws of)

3. June 1, 2006
(Date authorized to do business in Florida)

### SECTION II
(4-7 COMPLETE ONLY THE APPLICABLE CHANGES)

4. If the amendment changes the name of the corporation, when was the change effected under the laws of its jurisdiction of incorporation? December 22, 2006

5. WEST COAST FACILITIES INC.
(Name of corporation after the amendment, adding suffix "corporation," "company," or "incorporated," or appropriate abbreviation, if not contained in new name of the corporation)

(If new name is unavailable in Florida, enter alternate corporate name adopted for the purpose of transacting business in Florida)

6. If the amendment changes the period of duration, indicate new period of duration.

N/A/
(New duration)

7. If the amendment changes the jurisdiction of incorporation, indicate new jurisdiction.

N/A
(New jurisdiction)

(Signature of a director, president or other officer - if in the hands of a receiver or other court appointed fiduciary, by that fiduciary)

PAUL ASHER
(Typed or printed name of person signing)

SECRETARY
(Title of person signing)

JAN. 31. 2007 10:19AM   C S C                                                NO. 368   P. 3

# State of California
## Secretary of State

### CERTIFICATE OF FILING

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That on the **22nd day of December, 2006**, there was filed in this office an amendment changing the corporation name from **PENTHOUSE MEDIA GROUP (CA) INC.**, a California corporation, to **WEST COAST FACILITIES INC.**

**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California this day of January 26, 2007.



**DEBRA BOWEN**
Secretary of State

sk

NP-25 (REV 01/2007)